VAN BRUNT and others, Appellants, vs. JOINT SCHOOL DISTRICT No. 3 OF THE TOWN AND VILLAGE OF COLFAX and others, Respondents.

*December 12, 1924—January 13, 1925.*

*Schools: Bond issues: "Initial resolution:" By whom made: Work of revisor of statutes: Presumption: Levy of tax.*

1. Under sec. 67.05, Stats., providing for the adoption of an "initial resolution" for a bond issue by the governing body of a municipality, "except where initial action has already been taken by electors under subsection (2)" of that section, the electors of a common school district who adopted an initial resolution without prior adoption by the school board under sub. (2), were not required to again vote thereon at a special meeting under sub. (6), providing for submission of the initial resolution to the electors at a special meeting for ratification or rejection, such statute being inapplicable where the initial resolution was adopted by the electors themselves. p. 496.

2. It may be assumed that the revisor of the statutes in bringing together, in ch. 67, Stats., all laws relating to municipal borrowing, did not intend to work any radical changes in the manner of the procedure relating to the issuance of municipal bonds.  p. 497.

3. A resolution of the school board adopting an initial resolution for a bond issue which had been adopted by the electors of the school district, and which provided for the levy of a tax, is construed to be a levy of a tax by the board.  p. 499.

APPEAL from a judgment of the circuit court for Dunn county: GEORGE THOMPSON, Circuit Judge.  *Affirmed.*

For the appellants the cause was submitted on the brief of *Farr & MacLeod* of Eau Claire.

For the respondents there was a brief by *Alexander Wiley* and *Robert L. Wiley*, both of Chippewa Falls, and oral argument by *Alexander Wiley*.

OWEN, J.  This action was brought to restrain the defendant school district from issuing its bonds to the amount of $70,000 for the purpose of building an addition to the schoolhouse and equipping the same.  From an adverse judgment the plaintiffs appeal.

The issuance of the bonds was authorized at a special school district meeting.  That this meeting was regularly called is not challenged.  At this meeting a resolution, complying in all respects with the requirements of sec. 67.05, Stats., was read.  A vote on this resolution was taken by ballot, which ballot was as follows:

"If you desire to vote for any question, make a cross (X) or other mark in the square after the word 'Yes' underneath such question: If you desire to vote against any question, make a cross (X) or other mark in the square after the word 'No' underneath such question.

"Shall Joint School District No. 3 of the Town and Village of Colfax, Wisconsin, issue its negotiable coupon bonds in the amount of $70,000 for the purpose of building and equipping an addition to the present school and levy a tax

and shall the initial resolution be as read at this meeting approved? YES. No."

The resolution was adopted by a vote of 201 to 148. The resolution so adopted contained a provision that "there hereby is levied on all the taxable property of said school district a direct annual irrepealable tax sufficient to pay the various instalments of principal and interest on said bonds as they severally mature." Immediately after the adoption of this resolution the school district board held a meeting at which all the members were present and to the holding of which all members consented without prior notice. The board adopted the following resolution:

"Whereas, at a special meeting of said joint school district duly called and held on March 17, 1924, and an initial resolution was duly adopted providing for an issue of $70,000 of bonds for the purpose of providing funds for the building of an addition to the present schoolhouse and equipping the same and levying a tax for the purpose of paying the principal and interest on said bonds:

"Therefore, be it resolved that said resolution be and the same hereby is adopted as and for the resolution of this board, and that said bonds be further prepared and executed in the manner provided by said resolution."

It is claimed that these proceedings are insufficient to authorize the issuance of the bonds of the school district because the statutes require the resubmission of the question voted upon at the special meeting of March 17th to a subsequent election or meeting of the electors of the school district. This contention is based upon the provisions of sec. 67.05, Stats. That section of the statutes introduces a new term into our statutory law relating to the issuance of bonds by municipalities, that term being "initial resolution." Briefly stated, that section requires the governing body of a municipality (which includes the school board of a school district), when such municipality contemplates the issuance of bonds, to adopt an initial resolution, after the form pro-

vided therein, *"except where initial action has already been taken by electors under subsection (2)."* The section then provides that in certain cases the resolution shall be submitted to the electors of the municipality at a special election called for that purpose, and provides how such election shall be noticed, held, and conducted as well as the form of ballot that shall be used thereat. Sub. (2) of said section reads as follows:

"The electors of any . . . common school district . . . may at any annual meeting, or at a special meeting of such electors called for the purpose, adopt the initial resolution prescribed by subsection (1) without any prior adoption thereof by the governing body of such municipality."

Sub. (6) of said section provides:

"Whenever an initial resolution shall have been so adopted by the governing body of any municipality whatsoever other than a county, a town, a city, a village, or a board of park commissioners, the clerk of such municipality shall immediately record the same and call a special meeting for the purpose of submitting the resolution to the electors of the municipality for ratification or rejection."

The question we are to determine is whether it was necessary for the defendant school district to call the election provided for in sub. (6) just quoted. By its terms it provides for the calling of that election when the resolution shall have been adopted by the governing body. In this case the initial resolution was not adopted by the governing body. It was adopted by the electors at a regularly called special meeting of the school district electors, and we can discover no provision of the statutes which requires the electors of the district to come together. at a special meeting, adopt a resolution providing for the issuance of bonds, and then meet again at a later meeting to again adopt the resolution. This proposition is absurd, and we can discover no legislative intent to incumber or harass the issuance of bonds by a school district by calling two special meetings and twice

adopting the identical proposition.  That is exactly what it amounts to if it is to be held that sub. (6) is to be construed as requiring the calling of another meeting, because the terms of that section provide that the question submitted shall be "Whether the resolution shall be approved."

It will be noticed that in this instance the school district followed the procedure laid down in sub. (4) of sec. 40.11, which was the law prior to the enactment by the legislature of 1921 of ch. 576, which is to be found in the Statutes as ch. 67, relating to municipal borrowing.  Ch. 67 was a revision of the laws relating to municipal borrowing which were found scattered all through the statutes.  The revisor of statutes brought all such provisions together, and we now have them all included in said ch. 67.  Being the work of the revisor, it may be assumed that there was no intention to work any radical changes in the manner of the procedure relating to the issuance of municipal bonds.

While sec. 40.11 of the statutes relating to borrowing money by school districts was repealed by ch. 576 of the Laws of 1921, it was because the provisions of that section were substantially re-embodied in said ch. 576, now to be found in ch. 67 of the Statutes.  The resolution required by sec. 67.05 is quite like the resolution required by sub. (4) of sec. 40.11.  It is made general so as to apply to all municipalities.  The adoption of a resolution by a school district complying with the requirements of sec. 67.05 now has exactly the same effect as the adoption of a resolution prior to the enactment of ch. 576 of the Laws of 1921 complying with the requirements of sub. (4) of sec. 40.11, and the electors are not required to go through the useless and cumbersome ceremony of again adopting the same resolution. The only substantial change made from the former procedure by the provisions of ch. 67 is this: Under the present law the school board may initiate the proceedings for the issuance of school district bonds by adopting what is termed the initial resolution.  When that resolution is adopted by

the school board it must be submitted to the electors at an election called in the manner provided in sub. (6) of sec. 67.05. But when that resolution is adopted by the electors themselves, their adoption becomes a finality and no further election is required.

That this was the legislative intent is made plain by the notes of the revisor appended to Bill No. 23 S, which became ch. 576 of the Laws of 1921 and now appears as ch. 67 of the Statutes. At the foot of sec. 67.05 we find this comment by the revisor:

"Subsection (2) preserves to the electors of towns the function of proposing and voting for bond issues at annual or special town meetings. It also preserves to common school districts and other school districts the function of authorizing bond issues at annual meetings or special meetings called for that purpose. But even in the case of towns and school districts the governing body may adopt the initial resolution and then refer it for approval to the electors."

It may be that some confusion arises from the use of the term "initial resolution." It may be implied from this language that another resolution is to be adopted. But a careful consideration of the statutes will indicate that the initial resolution is the only resolution that is ever adopted or voted upon. By sub. (3) of sec. 67.05 it is provided that "Every initial resolution in and for a city shall be offered and read at a regular meeting of the city council, shall be published in the official paper of the city not less than twice during the sixty days next following such reading," etc. The resolution is then voted upon at a designated meeting, and if required to be submitted to the electors the resolution as so adopted is printed on the ballot, and the question is "Whether the resolution shall be or shall not be approved." Perhaps the legislative idea would have been better expressed if it had been provided that the resolution may be initiated by the governing body. At any rate it is clear that that was the legislative intent.

Van Brunt v. Joint School Dist. 185 Wis. 493.

It is further claimed that the district board did not levy a tax as required by sub. (10) of sec. 67.05. The resolution adopted by the electors specifically provided that "there hereby is levied on all the taxable property of said school district a direct annual irrepealable tax sufficient to pay the various instalments of principal and interest on said bonds as they severally mature." The resolution of the district board meeting resolved "that said resolution be and the same hereby is adopted as and for the resolution of this board, and that said bonds be further prepared and executed in the manner provided by said resolution." In view of the fact that school district taxes generally are levied by the school district electors at their annual or special meetings, the reason for requiring the school district board to levy this tax is not clear. However, the provision of sub. (10) of sec. 67.05 is general and provides that the governing body of every municipality shall levy the tax. The resolution adopted by the school district board in this case is not a model one for the levying of a tax, but in view of the fact that the resolution of the electors specifically provided for the levying of the tax, the adoption thereof by the board in the manner it was, sufficiently reveals the intent of the board to levy the tax, and it may, and we think it should, be construed as a proper levy of the tax by the district board.

We discover no substantial infirmity in the proceedings leading up to the issuance of the bonds, and the decision of the lower court should be affirmed.

*By the Court.*—Judgment affirmed.