MICHAEL E. SWEENEY et al., Appellants, *v.* STATE OF NEW YORK, Respondent.

(Argued June 13, 1929; decided July 11, 1929.)

*Carlos C. Alden* for appellants. Section 480 of the Civil Practice Act, as amended by chapter 623 of the Laws of 1927, is not unconstitutional as an *ex post facto* law. (*J. C. League* v. *Texas*, 184 U. S. 156; *Brearley School* v. *Ward*, 201 N. Y. 358.) A legislative enactment which is intended to be retroactive is within the legislative power and when not offending against fundamental principles of right and justice is not invalid merely because it is retroactive. (*J. C. League* v. *Texas*,

184 U. S. 156; *Matter of Berkovitz* v. *Arbib*, 230 N. Y.
261; *Matter of Barker*, 230 N. Y. 364; *National Surety
Co.* v. *Architectural Decorating Co.*, 226 U. S. 276;
*Lennon* v. *New York*, 55 N. Y. 361; *Sliosberg* v. *N. Y.
Life Ins. Co.*, 244 N. Y. 482; *Conkey* v. *Hart*, 14 N. Y.
22; *Cuyahoga Falls Real Estate Assn.* v. *Caughy*, 2 Ohio
St. 152; *Truax* v. *Corrigan*, 257 U. S. 312; *Mills* v.
*Geer*, 111 Ga. 275; *Fee* v. *Cowdry*, 45 Ark. 410.) Section
480 of the Civil Practice Act, as amended by chapter
623 of the Laws of 1927, is not unconstitutional as
violating any provision of the United States Constitution
or of the Constitution of the State of New York. (*Met-
calfe* v. *Union Trust Co.*, 181 N. Y. 39; *National Surety
Co.* v. *Architectural Decorating Co.*, 266 U. S. 276; *Lennon*
v. *New York*, 55 N. Y. 361; *Sliosberg* v. *New York Life
Ins. Co.*, 244 N. Y. 482; *Conkey* v. *Hart*, 14 N. Y. 22;
*Phinney* v. *Phinney*, 81 Me. 450; *Owen* v. *Roberts*, 81 Me.
439; *National Bond & Security Co.* v. *Krahmer*, 105 Minn.
422; *Rosenplanter* v. *Provident Savings Loan Assn.*, 96
Fed. Rep. 721; *Supreme Ruling of the F. M. C.* v. *Snyder*,
227 U. S. 497; *Matter of Barker*, 230 N. Y. 364.)

*Hamilton Ward*, Attorney-General (*Albert J. Danaher*
of counsel), for respondent. The claim herein did not
represent a pecuniary loss which could be ascertained
with reasonable certainty as of a fixed day and, therefore,
claimants were not entitled to the interest awarded by
the Court of Claims. (*Faber* v. *City of New York*, 222
N. Y. 255.) The amendment of 1927 as construed by
the Court of Claims contravenes the provisions of article
1, section 10, and article 16, section 1, of the United
States Constitution, and of article 1, section 6, of the
New York State Constitution. (*Sliosberg* v. *New York
Life Ins. Co.*, 244 N. Y. 482; *Excelsior Terra Cotta Co.*
v. *Harde*, 90 App. Div. 4; *Smith* v. *Board of Education*,
208 N. Y. 84; *Williamsburg Savings Bank* v. *State*, 243
N. Y. 231.)

*Arthur J. W. Hilly,* Corporation Counsel *(J. Joseph Lilly* and *Denis R. O'Brien* of counsel), for city of New York, *amicus curiæ.* So far, at least, as actions pending on April 4, 1927, are concerned, section 480 of the Civil Practice Act, as amended by chapter 623 of the Laws of 1927, is unconstitutional. (*Close* v. *Potter,* 2 Misc. Rep. 1; *Town of Cherry Creek* v. *Becker,* 123 N. Y. 161; *Chicago Great Western R. R. Co.* v. *State of New York,* 197 App. Div. 742; 233 N. Y. 661; *Faber* v. *City of New York,* 222 N. Y. 255; *Metcalf Co., Ltd.,* v. *Mayer, No. 1,* 213 App. Div. 607.)

*Per Curiam.* The Court of Claims, holding that the defendant, the State of New York, had failed to perform its contract with the claimants, gave judgment in claimants' favor for the damages resulting from the breach. These damages were unliquidated when the action was begun, but interest upon the amount recovered was included in the judgment. This was done pursuant to Civil Practice Act, section 480, as amended by Laws of 1927, chapter 623, which provides that in every action then pending or thereafter brought " wherein any sum of money shall be awarded by verdict, report or decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied, other than a contract to marry, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded."

The Appellate Division held the statute unconstitutional in its retroactive operation on the ground that the effect was to deprive the State of property without due process of law.

There is no occasion to consider at this time whether the statute, in so far as retroactive, may be sustained against persons other than the State itself. Certain it is that the State which enacted it may not be heard to complain that the enactment is void as a violation of

"due process" (*City of Trenton* v. *New Jersey*, 262 U. S. 182, 188; *Hatch* v. *Reardon*, 204 U. S. 152, 160). The award of interest is not in any prohibited sense a charity or bounty. It has its roots in a reasonable conception of the demands of equity and justice (*Williamsburgh Sav. Bank* v. *State*, 243 N. Y. 231; *Farrington* v. *State*, 248 N. Y. 112, 115).

There was a concession by appellants upon the argument that interest should have been computed from June 15, 1922, instead of October 15, 1921, with a resulting reduction of the judgment by the sum of $129.80.

The judgment of the Appellate Division in so far as appealed from should be reversed, and that of the Court of Claims modified by deducting therefrom the sum of $129.80, and as modified affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.