E. L. HUSTING COMPANY, Respondent, vs. CITY OF
MILWAUKEE and others, Appellants.

*December 6, 1929—January 7, 1930.*

*John M. Niven,* city attorney of Milwaukee, and *Joseph L. Bednarek,* assistant city attorney, for the appellants.

For the respondent there was a brief by *Fawsett & Shea* of Milwaukee, and oral argument by *Edmund B. Shea.*

Separate briefs were also filed as *amici curiæ* by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and by *Frank R. Bentley* of Madison, counsel for the League of Wisconsin Municipalities.

STEVENS, J. The sole question involved is whether the city has the power to compel manufacturers of soda-water beverages to secure licenses from the city. The case does not involve the power of the city to license retailers of such beverages.

The state has for some years required those who manufacture soda-water beverages to be inspected and licensed by the dairy and food commissioner. Sec. 98.12 of the Statutes. The complaint alleges and the demurrer admits that the beverages manufactured by the plaintiff are "soda-water beverages," as that term is used in sec. 98.12 of the Statutes; and that the plaintiff possesses a license issued pursuant to that statute by the dairy and food commissioner. The court is satisfied that the beverages in question in this case

are not taken out of the class of soda-water beverages by the fact that the syrup used to flavor them introduces a trace of alcohol, not exceeding a ratio of one part of alcohol to 1791 parts by volume of the beverage.

Ch. 96, Laws of 1929, provides that no person, firm, or corporation which possesses such a license from the dairy and food commissioner shall be required to procure a license from the municipality "under section 165.31" of the Statutes, which was the State Prohibition Act that was in force at the time that ch. 96 was passed. Sec. 165.31 of the Statutes gave municipal corporations the power to license those who manufacture and deal in non-intoxicating liquor. Very clearly if the State Prohibition Act had not been repealed by the legislature of 1929, the city would have had no power to require a license from the plaintiff.

Ch. 129, Laws of 1929, repealed the State Prohibition Law. Sec. 2 of that act created sub. (9) (a) of sec. 66.05 of the Statutes, which conferred upon municipalities exactly the same power to license manufacturers and venders of non-intoxicating liquor that was conferred by sec. 165.31 of the Statutes. Had this ch. 129 amended ch. 96, Laws of 1929, so as to make the exemption therein contained apply to sub. (9) (a) of sec. 66.05 of the Statutes, it is clear that the city would have had no power to compel plaintiff to procure the license here in question. A consideration of the several acts involved leads to the conclusion that ch. 96, Laws of 1929, should be given the same force as if this formal amendment had been made.

It is significant that when the legislature repealed the Prohibition Act it expressly continued the power of municipalities to license the soft-drink business in exactly the same language, with few very minor changes, that was used in the Prohibition Act. "This, upon well-settled rules of construction, must be construed as a mere continuation of such

statute, and not as a repeal and re-enactment of it." *Cox v. North Wisconsin L. Co.* 82 Wis. 141, 144, 51 N. W. 1130. "In this state the rule seems to be well settled that where a statute has been repealed, and then wholly or partially re-enacted, such re-enacted portion of the statute will be regarded as a continuation of the old statute." *State ex rel. Holland v. Lammers,* 113 Wis. 398, 409, 86 N. W. 677, 89 N. W. 501.

The legislative purpose as gathered from all these acts is plain. So far as concerns those who manufacture and sell non-intoxicating drinks at wholesale, not to be consumed on the premises, it was the purpose of the legislature to conserve the health of the state by inspection and license by the dairy and food commissioner, who is charged with the duty of protecting the public health of the state. So far as the regulation of those who manufacture these beverages is concerned, the problem is one of public health, not of the regulation of traffic in illicit liquor.

By the passage of ch. 96, Laws of 1929, the legislature exempted manufacturers of these beverages from license by a municipality. The court considers that the passage of ch. 129, Laws of 1929, does not evidence a legislative intent to change that exemption and to give municipalities the power to license those who manufacture and sell soda-water beverages at wholesale.

*By the Court.*—Both orders affirmed.