JANKE, Appellant, vs. CITY OF MILWAUKEE and others, Respondents.

*April 30—October 14, 1930.*

For the appellant there was a brief by *Fawsett & Shea* of Milwaukee, and oral argument by *Edmund B. Shea*.

For the respondents there was a brief by *John M. Niven*, city attorney of Milwaukee, and *Jos. L. Bednarek*, assistant city attorney, and oral argument by *Mr. Bednarek* and *Mr. Robert J. Gunnis* of Milwaukee.

The following opinion was filed June 11, 1930:

FRITZ, J. This action is in relation to the same kind of beverages, and the same statutes and city ordinance, as were involved in *E. L. Husting Co. v. Milwaukee,* 200 Wis. 434, 228 N. W. 502. As in the *Husting Case,* a state license under sec. 98.12, Stats., to manufacture and deal in soda-water beverages had been duly issued to the plaintiff by the commissioner of the department of agriculture and markets. The only material difference between the facts herein and in the *Husting Case* is that the Husting Company was engaged in manufacturing and selling at wholesale beverages which were not consumed on the vender's premises, while the plaintiff manufactures and sells them at retail, to be consumed on his premises. The opinion in the *Husting Case* expressly limits the scope of the decision to manufacturers and venders at wholesale. However, in this case there is applicable, and we now adhere to, all that was then said as to the beverages in question being "soda-water" beverages within the meaning of that term as used in sec. 98.12, Stats.; and to the effect that all persons licensed under sec. 98.12 are exempt, by virtue of sub. (10) of sec. 98.12, from any

license required by any municipal ordinance adopted under authority conferred by sec. 66.05 (9) (a), which is but a re-enactment of sec. 165.31, and to which alone express reference is made in sec. 98.12 (10), because at the time of the enactment of the latter subsection, sec. 66.05 (9) (a) had not been enacted in lieu of sec. 165.31.

The new question raised in this action is whether the exemption created by sub. (10) of sec. 98.12 extends to a licensee under sec. 98.12 who sells the beverages at retail for consumption upon his premises. By the express terms of that subdivision the exemption extends to any one licensed under sec. 98.12 "to manufacture or deal in soda-water beverages." Under and by virtue of sec. 98.12 (1), no one is permitted to "engage in the business of manufacturing or bottling any soda-water beverages *or of selling such beverage* in this state without first obtaining a license therefor from the commissioner. . . ." The italicised words clearly include all venders of such beverage, whether they sell at retail or at wholesale, and regardless of the place of consumption. Their meaning and scope clearly include the soda-water beverage business in which the plaintiff herein is engaged. The italicised words, as well as the provision for the exemption which was created by sub. (10), were both incorporated in sec. 98.12 by the same enactment, viz., ch. 96, Laws of 1929. Manifestly, when in ch. 96, Laws of 1929, the legislature enlarged the class to be licensed under sec. 98.12 by extending the requirement as to such a license to all who sold soda-water beverages, and then, in the same act, created an exemption of all licensees under sec. 98.12 from the license requirements under another statute, the legislative intent clearly was to extend the exemption to all venders of the beverage who were thus being required to obtain a license by sec. 98.12 as amended by ch. 96, Laws of 1929.

There are no provisions in sec. 98.12 which are neces-

sarily inconsistent, or in conflict, with the extension to a retail dealer of the requirement as to a license, and of the right to the exemption under that section. The provisions in sub. (1) in relation to rules and regulations which the commissioner may prescribe for the proper maintenance of the place, and appliances and containers used in handling, storing, and selling such beverages, are in fact as applicable to the "premises" of the retailer as to the "factory" of a manufacturer or bottler; and as to all, there exists the same occasion for prescribing "such standards of purity for all ingredients used in the manufacture of such beverages as will insure a pure and unadulterated product."

It is true that in amending sec. 98.12 in 1929 the legislature omitted to also amend the administrative provisions of sub. (4) to (8) inclusive, which are merely directory as to the time and manner of procuring, issuing, terminating, and revoking the license. However, that mere omission does not negative the amending provisions, one of which expressly enlarges the class of whom a license is required so as to include all who sell such beverage; and the other of which, in creating the exemption from other licenses, includes those licensed to "deal" as well as those licensed to "manufacture" under sec. 98.12.

It follows that the exemption created by sec. 98.12 (10), Stats., is applicable to the plaintiff and others similarly situated who are licensed to manufacture and deal in soda-water beverages, whether they sell at wholesale or retail, for consumption on or off their premises, to the same extent as it was held in *E. L. Husting Co. v. Milwaukee, supra,* to exempt those who manufacture and sell at wholesale.

The city also contends that aside from the authority sought to be conferred by sub. (9) (a) of sec. 66.05, Stats:, the regulations and license provisions of the ordinance in question are authorized as a police measure, under the general welfare clause, and also sub. 1 of sec. 3 of ch. IV of

the city charter. That subdivision authorizes the regulation and licensing of places where "wines, . . . spirituous, vinous or fermented liquors . . . and other liquors" are sold or given away. Clearly, the power thus conferred extends only to liquors which are intoxicating. On the other hand, as to non-intoxicating liquors, sec. 66.05 (9) (a), Stats., was evidently intended to cover the subject of the city's power to license the manufacture or sale thereof, but its enactments under that section do not affect those who are expressly exempted by sec. 98.12 (10).

Consequently, under the facts stated in the complaint, the plaintiff was not subject to the provisions of the ordinance in question, and he was entitled to the relief prayed for.

*By the Court.*—Order reversed, with directions to enter an order overruling the demurrer.

FAIRCHILD, J., took no part.

A motion for a rehearing was denied, with $25 costs, on October 14, 1930.