KUGLER, Appellant, vs. CITY OF MILWAUKEE and others, Respondents.

*April 8—May 10, 1932.*

252

For the appellant there was a brief by *Fawsett & Shea* of Milwaukee, and oral argument by *Edmund B. Shea.*

For the respondents there was a brief by *John M. Niven,* city attorney of Milwaukee, and *Joseph L. Bednarek,* assistant city attorney, and oral argument by *Mr. Bednarek.*

A brief was also filed by *Robert J. Cunningham* of Janesville, counsel for League of Wisconsin Municipalities, as *amicus curiæ.*

FOWLER, J.   This is an appeal from an order sustaining a demurrer to a complaint.   According to the complaint the plaintiff is a grocer licensed under sec. 98.12, Stats., to sell soda-water beverages.   Soda-water contains a trace of alcohol, stated as 1 to 1791 by volume.   The city has an ordinance requiring a person selling non-intoxicating liquor to procure a license, and soda-water is a non-intoxicating

liquor within the terms of the ordinance. The ordinance imposes a penalty for each sale made without procuring a license. The plaintiff has not procured a license from the city and the defendants threaten a multitude of suits against the plaintiff to recover a penalty for each of his such sales and to cause arrest of the plaintiff and his agents and will unless enjoined carry out their threats.

(1) Sec. 98.12 provides for the licensing by the dairy and food commissioner of persons engaged in the soda-water business. It was held in *E. L. Husting Co. v. Milwaukee,* 200 Wis. 434, 228 N. W. 502, that wholesalers of soda-water licensed under sec. 98.12 (1) were exempted by sub. (10) of that statute from procuring a license from the city, and *Janke v. Milwaukee,* 202 Wis. 214, 231 N. W. 261, held that the same exemption applied to retail dealers. The basis of these holdings was that ch. 96, Laws of 1929, provided that no person having a license under sec. 98.12 should be required to have a license under sec. 165.31 of the State Prohibition Enforcement Act, which required a license from the municipality to sell non-intoxicating liquors. The act repealing the Prohibition Act, ch. 129, Laws of 1929, created sec. 66.05 (9) (a), Stats., which conferred on municipalities precisely the same power to license vendors of non-intoxicating liquors that had existed under sec. 165.31. The court held in the cases cited that this provision operated to continue in force the license provision of sec. 165.31 and left the soda-water situation precisely as it would have been had the Prohibition Act not been repealed.

Sec. 18 of ch. 79, Laws of 1931, reads: "Section 18. Subsection (10) of section 98.12 of the Statutes is repealed." This, *a priori,* repeals the exemption clause of sec. 98.12 and leaves the plaintiff subject to the provision of the defendant city's ordinance. Ch. 79, Laws of 1931, was a revisor's bill purporting to amend twenty-five sections and to

repeal fifteen sections of the statutes, "all for the purpose of correcting errors, reconciling conflicts, supplying omissions, and for repealing obsolete and unconstitutional provisions." To sec. 18 of the bill was appended the "Note: Subsection (10) of sec. 98.12 was enacted in 1929, but before the repeal of ch. 165 of the Statutes of 1927 by ch. 129." Ch. 165 was, as above stated, the State Prohibition Enforcement Act.

The plaintiff claims that the enactment of the revisor's bill did not operate to repeal sub. (10) of sec. 98.12 because it went on the erroneous assumption that that subsection had become "obsolete" because it was repealed with the rest of the Prohibition Act, whereas, as above stated, this court held that it was not so repealed but was continued in force by sec. 2 of the repealing statute. It must be conceded that this claim is not entirely without support in reason. Enactment of revisor's bills stand on a different footing from ordinary acts of the legislature.

"Being the work of the revisor, it may be assumed that [in their enactment] there was no intention to work any radical change" of the law. *Van Brunt v. Joint School District,* 185 Wis. 493, 497, 201 N. W. 755.

"The work of restating, consolidating, revising, and systematizing our statutory law is an immense task involving a mass of detail, and it is almost inevitable that errors will creep in. Considering the time allowed it is beyond the power of human vigilance to avoid it. It has been the policy of the legislature in the enactment of the revision, and the policy of the court in construing it, that unless there is a clearly expressed intention to work a change in the substantive law, the revised matter should be given the same effect that it originally had." *Wisconsin Gas & E. Co. v. Ft. Atkinson,* 193 Wis. 232, 213 N. W. 873.

"The revisor's notes are treated as of much importance in ascertaining the legislative intent." *State ex rel. Globe Steel Tubes Co. v. Lyons,* 183 Wis. 107, 119, 197 N. W. 578.

However, notwithstanding these expressions of the court and the mistake of the revisor in proposing the repeal of

sub. (10) of sec. 98.12, the defendants stand on the proposition that as the legislature in so many words declared sub. (10) repealed, it is repealed regardless of the misapprehension under which the declaration was made. Upon careful consideration we are of opinion that their position must be sustained. When enactment of a revisor's bill leaves the law ambiguous, no doubt full force should be given to the idea that as no change in the law was intended no change in the law was effected. But where as here there is no ambiguity, but a plain declaration of repeal, we cannot avoid giving that declaration effect.

(2) The appellant also urges that sec. 66.05 (9) (a), empowering municipalities to license persons selling non-intoxicating liquors, is void for want of a definition of the term "intoxicating liquors." We consider this incorrect. That statute was a re-enactment of the licensing provisions of sec. 165.31, and in that re-enactment the meaning of the term "non-intoxicating liquor" is the same as it was in sec. 165.31. The word "liquor" and the term "intoxicating liquor" were expressly defined in the act of which sec. 165.31 was a part as having the same meaning as in the "National Prohibition Act" (sec. 165.01 (12), Stats. 1927); and the term "non-intoxicating liquor" was expressly defined as "liquor" containing alcohol in any degree not defined as "intoxicating liquor." Sec. 165.01 (13). These definitions were upheld as sufficiently definite. *Davis v. State,* 187 Wis. 115, 203 N. W. 760. Sec. 98.12 (10), sec. 165.31, and sec. 66.05 (9) (a) were *in pari materia,* and the terms common to all had the same meaning in all and must be given effect according to that meaning. *Nolan v. Milwaukee, L. S. & W. R. Co.* 91 Wis. 16, 64 N. W. 319. There is no doubt what the legislature meant by "non-intoxicating liquor" in each of these statutes.

(3) Counsel for appellant also urges that one prosecuted under a criminal act is entitled to know the elements of the offense with which he is charged, and that as sec.

66.05 (9) (a) does not define non-intoxicating liquor it does not inform a defendant for what he is being prosecuted. But the plaintiff is not threatened with prosecution under sec. 66.05 (9) (a). The threatened prosecution is under a city ordinance and that ordinance expressly defines the term, precisely as it was defined in ch. 165, as including "all liquors intended or fit for use for beverage purposes containing alcohol in any degree not defined as intoxicating liquor under" the act of Congress commonly known as the Volstead Act. Sec. 941.1, Milwaukee Code. This informs one as fully as a defendant prosecuted under 165.31 was formerly informed and that section supported prosecutions.

(4) Appellant's counsel also contends that if sec. 66.05 (9) (a) be construed as purporting to confer on the city power to pass an ordinance requiring a license to sell non-intoxicating beverages containing alcohol, it is unconstitutional because discriminatory. The holding of this court in *Milwaukee v. Meyer*, 198 Wis. 411, 224 N. W. 106, that the city has no power to pass an ordinance requiring a license for the sale of non-alcoholic beverages, seems to afford some basis for the claim that there is no distinction forming a valid basis of classification between non-intoxicating liquors containing no alcohol, and non-intoxicating liquor containing a trace of alcohol so insignificant as 1 part to 1791. It must be conceded that as far as alcoholic content is concerned the one is as harmless as the other. If the harmlessness of the beverage were the basis of distinction the ground would perhaps be well taken. But the basis of distinction is the presence or absence of alcohol. Where non-intoxicating alcoholic liquors are dispensed, the liability of the alcoholic content to pass the line of separation between non-intoxicating and intoxicating liquor is of such concern as to warrant regulation of the place of dispensation. Although at present we have no statute prohibiting sale of intoxicating liquor, cities may by

ordinance prohibit such sales. *Hack v. Mineral Point,* 203 Wis. 215, 233 N. W. 82. The power to prohibit the sale of intoxicating liquor implies the power to regulate places where such liquor is liable to be sold.

*By the Court.*—The order of the circuit court is affirmed.