AMERPOHL, Appellant, vs. TAX COMMISSION, Respondent.

*March 11—May 25, 1937.*

For the appellant there were briefs by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Hiram M. Nowlan,* all of Janesville.

For the respondent there were briefs by the *Attorney General* and *L. E. Vaudreuil,* deputy attorney general, and oral argument by *Mr. Vaudreuil.*

The following opinion was filed April 7, 1937:

WICKHEM, J. The sole question upon this appeal is whether, in view of the decision in *Hoeper v. Wisconsin Tax Comm.* 284 U. S. 206, 52 Sup. Ct. 120, a husband and wife

may file joint income tax returns and have the tax computed upon their combined income. The taxpayer reported all of her income for the calendar year 1931 on a joint tax return filed by her husband Edward W. Amerpohl. Upon her refusal to file a separate return, the assessor of incomes of Rock county used the joint return to determine her separate income for the calendar year 1931, and used the joint return of taxpayer and her husband for the calendar years 1929 and 1930 to determine her income for those years. The joint returns were also used to determine deductions from her gross separate income so determined. On the basis of net separate incomes thus determined, the assessor levied a tax upon the income of the taxpayer for the calendar year 1931 of $2,831.38 normal tax, $465.64 teachers' retirement, and $1,541.05 emergency relief tax. The taxpayer took proper proceedings to review this determination, and no question arises here as to the sufficiency of any of the procedural steps. In order that the practical aspects of the case may more readily be understood, it may be stated that if the tax is to be based upon the combined income of taxpayer and her husband, the taxpayer would be entitled to deductions arising from losses sustained by her husband during the year. This would materially reduce her tax, and, in this respect, produce a more desirable result from her viewpoint than if the tax were assessed on her separate income.

It is contended by taxpayer that, while under the doctrine of the *Hoeper Case, supra,* the state may not without denial of due process measure the tax of one taxpayer by that of another, this did not render unconstitutional and void such portions of sec. 71.09 (4), Stats., as permit the husband and wife to file a joint return and have the tax computed upon their combined incomes. It is contended that this option was conferred by the statute prior to the *Hoeper Case,* and that it has survived the decision in that case. The contention that

the statute contained such an option requires a consideration of the legislative history of the statutes dealing with this subject.

Sec. 1087$m$—5 1 (e), enacted by ch. 658, Laws of 1911, was part of the original income tax law, and in providing for exemptions, specified that in computing both exemptions and the amounts of taxes payable "the income of a wife shall be added to the income of her husband, and the income of each child under eighteen years of age to that of its parent or parents, when said wife or child is not living separately from said husband, parent or parents." Sec. 1087$m$—10 4, as amended by ch. 720, Laws of 1913, contains the first requirement of a joint return. This subsection provides as follows:

"4. Whenever in the judgment of the assessor of incomes any person in his district other than a corporation, joint stock company or association shall be subject to an income tax under the provisions of this act, he shall require such person to make report at such time and in such manner and form as the tax commission may prescribe, specifying particularly among other items the amount of income received from services, unsecured notes, mortgages, bonds, stocks and real estate, the amount of income received by his wife and each child under eighteen years of age residing together with him as members of the family and such other information as the commission shall deem necessary to enforce the provisions of this act."

Ch. 720 also amended the law as contained in sec. 1087$m$—5 1 (e), *inter alia,* by specifying that the taxes levied shall be payable by the husband or head of the family. In 1921, sec. 1087$m$—5 was renumbered sec. 71.05, and the portion heretofore quoted became 71.05 (1) (d). In 1927 this subsection was renumbered 71.05 (2) (d). By ch. 446, Laws of 1925, sec. 71.05 (1) (d) was amended by adding at the end of the first sentence the words, "except as herein-

after provided." By the same chapter, sec. 71.09 (4) (b) was created, reading as follows:

"Married persons living together as husband and wife may make separate returns or join in a single joint return. In either case the tax shall be computed on the aggregate income after the respective deductions and credits have been allowed. The exemptions provided for in subsection (2) of section 71.05 shall only be counted once and divided equally and the amount of tax due shall be paid by each in the proportion that the net income of each bears to the aggregate income."

Ch. 539, Laws of 1927, repealed sec. 71.09 (4) (b) and re-enacted it as sec. 71.09 (4) (c). This act inaugurated the averaging of incomes. The second sentence was changed to read "in either case the tax shall be computed on the combined average taxable income." By ch. 448, Laws of 1931, sec. 71.09 (4) (c) was amended to read, "in either case the tax shall be computed on the combined taxable income." Ch. 448, among other things, did away with the practice of averaging incomes. By ch. 453, Laws of 1931, sec. 71.09 (4) (c) was amended to strike therefrom the words "in either case." As thus amended, this section, after providing that a husband and wife living together may make separate returns or join in a single joint return, proceeds, "the tax shall be computed on the combined average taxable income."

The taxpayer contends that the statutes, at least since 1925, have always contained an option to husband and wife which permits them to elect to make a joint return and to have their tax computed upon this return. This contention is based upon the fact that in 1925 the words "except as hereinafter provided" were added to sec. 71.05 (2) (d) and at the same time sec. 71.09 (4) (c) was enacted permitting married persons living together to make separate returns or join in a single joint return. As a result, it is claimed that "the income tax act which had required the husband to in-

clude his wife's income with his own now expressly conferred upon married persons living together the privilege of filing separate returns." It is contended that to the legislature separate returns meant separate taxes. In computing taxes the legislature had enacted that the income of the wife should be added to that of the husband "except as hereinafter provided," and the only exception falling within that description is contained in sec. 71.09 (4) (c). It is further contended that the requirement that in either case that the tax be computed upon the aggregate income means only the total of the various classes of income set forth in each return. Thus, taxpayer claims that sec. 71.09 (4) (c) should have been construed, even before the *Hoeper Case,* to permit joint returns or separate returns at the option of the taxpayer. If separate returns were made, taxes would be computed separately on the basis of these returns, and if a joint return were made, the computation would be on the basis of the joint return and divided as indicated in the last sentence of sec. 71.09 (4) (c).

While the argument in support of this construction is ingenious, we think it is clearly unsound. Sec. 71.05 (2) (d) as originally enacted merely provided that the income of a wife would be added to that of her husband. This was later amended to make the tax computed upon this joint return assessable against the husband. The phrase "except as hereinafter provided" was inserted in sec. 71.05 (2) (d) to accommodate that section to the newly-created sec. 71.09 (4) (c), which provided that the amount of tax computed upon the aggregate income "shall be paid by each in the proportion that the net income of each bears to the aggregate income." Under familiar rules of construction, the amendment modifies the phrase "and assessed to him." The argument that the provision requiring computation of the tax upon the aggregate income is consistent with separate com-

putations if separate returns are made cannot be sustained. The plain meaning of the statute is that whether separate returns or a single joint return be made, the tax shall be computed upon the total, joint, or combined income of husband and wife. The first sentence of the subsection indicates legislative indifference as to the form in which the income of husband and wife shall be reported. It indicates with equal clarity that, however the income is reported, the computation of the tax shall be on the basis of the combined income. The legislature evidently used "aggregate" in the same sense throughout the section, and in the last sentence of the subsection "aggregate" plainly means the total net taxable income of husband and wife. This being true, it must be concluded that the option only had to do with the form of report. There was no option to have the tax computed on the basis of a joint return or separate returns, but a definite requirement that whatever form the return should take, the tax would be computed upon the combined income of the husband and wife. Later amendments of sec. 71.09 (4) (c) in which the word "aggregate" is dropped and the word "combined" used, give no support to taxpayer's contention. The meaning of the subsection is not changed by the amendment. Taxpayer relies upon the fact that the federal income tax law contains a provision for joint or separate returns, and intimates that the Wisconsin law is taken from the federal act, but the federal law is essentially different in wording from sec. 71.09 (4) (c). The revenue act in 1924, sec. 223 (b), 43 U. S. Stat. at L. 280, provided as to husband and wife living together "(1) each shall make such a return," or "(2) the income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income." In the federal act the option to file a joint return is coupled with a provision for computation upon the aggregate income expressly applicable only where such a return is made. This is materially dif-

ferent from sec. 71.09 (4) (c), which requires that in either event the tax shall be computed on the aggregate income.

In the case of *Hoeper v. Wisconsin Tax Comm., supra,* decided in 1931, a husband contested the right of the state to impose upon him under the provisions of the foregoing two sections a tax computed upon the aggregate income of his wife and himself. His contention was that under the rule in *Schlesinger v. Wisconsin,* 270 U. S. 230, 46 Sup. Ct. 260, it was a denial of due process to measure his income tax by the income of another even though that other was his wife. This contention was rejected by this court in *Hoeper v. Tax Comm.* 202 Wis. 493, 233 N. W. 100, but was sustained by the supreme court of the United States. It is contended that the United States supreme court in the *Hoeper Case* did not hold and could not hold that the legislature did not have the power to provide that husband and wife may file joint returns and be taxed on the combined income. This is based upon the claim that there are two aspects to the statute, first, that it permits the husband and wife to elect whether to file separate or joint returns, and the other which compels the assessor to compute the tax in either case upon the combined income. The contention is that the supreme court did not invalidate any portions of the statute which conferred upon the taxpayer the right to file joint returns and to be taxed upon the basis of such a return. That the *Hoeper Case* did not hold invalid such an option, if it existed in the statutes, is undoubtedly true. Whether it could or would have held such an option invalid, we deem immaterial for the reason that as heretofore stated, we discover no such option. The provision that was invalidated by the supreme court of the United States was that portion of the section which requires that, however reported, the tax shall be computed upon the aggregate income. True, this was held invalid for the reason that to compel either spouse to pay on such computation would be measuring the tax of that spouse

by the income of the other, and that this would constitute a denial of due process. It is also true that the decision took no account of situations in which the result of a computation based on the aggregate income would be beneficial to the taxpayer. This whole portion of the section, however, is invalidated because the constitutional portions of it are inseparable from the unconstitutional portions. It being plain that the legislature intended to require this method of computation in every case, a court cannot create an option by declaring unconstitutional the compulsory features. This would be judicial legislation of the most pronounced sort. There is not the slightest evidence that the legislature intended that portions of the requirement favorable to the taxpayer should continue to exist after a judicial determination holding unconstitutional such portions of the requirement as were favorable to the state. All of this is a mere application of the rule as stated in *Employers' Liability Cases (Howard v. Ill. Cent. R. Co.)*, 207 U. S. 463, 28 Sup. Ct. 141, 146:

". . . Equally clear is it, generally speaking, that where a statute contains provisions which are constitutional and others which are not, effect may be given to the legal provisions by separating them from the illegal. But this applies only to a case where the provisions are separable and not dependent one upon the other, and does not support the contention that that which is indivisible may be divided. Moreover, even in a case where legal provisions may be severed from those which are illegal, in order to save the rule applies only where it is plain that congress would have enacted the legislation with the unconstitutional provisions eliminated. . . ."

For the foregoing reasons, we cannot escape the conclusion, (1) that sec. 71.09 (4) (c) was never intended to vest an option in taxpayers who are in the relation of husband and wife to have their taxes computed upon joint or separate returns; (2) that such an option is not created by a decision

holding the requirement unconstitutional; and (3) that such of the incidents of the requirement that the tax be computed upon aggregate income as may be favorable to the taxpayer are inseparable from those which violate the rights of taxpayers and must be regarded as destroyed by the determination.

It is contended that the frequent amendments of ch. 71, Stats., since the *Hoeper Case* without repeal or change of the sections affected by that decision constitute a re-enactment of such portions of the statute as the legislature has the constitutional right to enact. Such is not the effect of these amendments. Even where a statute has been repealed and then re-enacted, the statute is regarded as a mere continuation of the old statute. *Cox v. North Wisconsin Lumber Co.* 82 Wis. 141, 144, 51 N. W. 1130; *E. L. Husting Co. v. Milwaukee,* 200 Wis. 434, 228 N. W. 502. Here we discover nothing amounting to a re-enactment.

It is next contended that the Tax Commission may not attack the constitutionality of these sections, and that the respondents, being mere arms of the state, have no standing to question constitutionality of an act of the legislature. In *Sweeney v. State,* 251 N. Y. 417, 167 N. E. 519, 520, it is said:

"Certain it is that the state which enacted it may not be heard to complain that the enactment is void as a violation of 'due process.'"

The claim is that the official interest of respondents is not sufficient to permit invoking the constitution against a law they are required to enforce. This is merely a restatement of the proposition that a party claiming a law to be invalid under the constitution must show that he is injured by its application. See *Turpin v. Lemon,* 187 U. S. 51, 23 Sup. Ct. 20; *Anderson v. State,* 221 Wis. 78, 265 N. W. 210. All of these rules are well established and require no discus-

sion here. It seems clear to us, however, that they have no application to this situation. This section of the statute is not under any present attack for unconstitutionality. It has been declared unconstitutional by the supreme court of the United States. Respondents are required to respect and carry out the mandate of that court. The question here is as to the effect of that determination, and must necessarily be within the power of respondents to raise if they are to enforce the law in accordance with the decision.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $10 costs, on May 25, 1937.