HAUERWAS and others, Petitioners, vs. ZIMMERMAN, Secretary of State, Respondent.

*February 16, 1939.*

*C. Stanley Perry,* assistant corporation counsel of Milwaukee county, for the petitioners.

*James Ward Rector,* deputy attorney general, for the respondent.

PER CURIAM. The petitioners constitute the Milwaukee County Board of Election Commissioners. From the petition it appears that JOHN C. KAREL, judge of the Second branch of the county court of Milwaukee county, died on the 4th day of December, 1938; that on December 13, 1938, Hon. Philip F. La Follette, governor of the state of Wisconsin, duly appointed one CHARLES HANSEN as judge of the Second branch of said county court for the remainder of the term expiring the first Monday in January, 1940.

The petitioners further allege that demands are being made upon them to hold a special election to fill that part of the unexpired term of Judge KAREL which shall elapse after June 1, 1939, the persons making such demands claiming

that the governor was without authority under the statutes to make an appointment for a period longer than that expiring June 1, 1939.

The petitioners further state that demand has been made upon the secretary of state to call such special election pursuant to the provisions of sec. 8.03, Stats., which demand has been refused by the secretary of state upon the ground that the attorney general of the state of Wisconsin has advised him that under the statutes no special election should be called.

It is further alleged that the time for filing nomination papers in case such special election is held would expire February 23, 1939, and that there is insufficient time to secure relief and procure the interpretation of the several statutes involved unless this court take jurisdiction.

The statutes involved are sec. 8.02, Stats. 1937, which section provides:

"All regular elections for justice, judge or superintendent shall be held on the first Tuesday of April next prior to the expiration of the term. Election to fill a vacancy in the office of justice or judge shall not be held at the time of holding the regular election for the same office. In case of judge, such election shall be held on the first succeeding Tuesday of April, and in case of justice on the first succeeding Tuesday of April when no other justice is elected. In either case, if the vacancy occur within forty days prior to the first Tuesday of April, the said vacancy shall not be filled until the judicial election of the next year."

And sec. 17.21 (2), Stats. 1937, which provides:

"In the office of county judge, or judge of a municipal, superior, district, civil or other special court created under the general law or by special act and with jurisdiction throughout the county, by appointment by the governor. Persons so appointed shall hold office until the first Monday of June next succeeding an election held as provided in section 8.02 to fill such vacancy for the residue of the unexpired term. In case an election cannot be held to fill such vacancy, because of the

limitations of section 8.02, the appointee shall hold office for the residue of the unexpired term."

There is also involved in the consideration of the question raised the effect of sec. 2, ch. 2, Laws of 1939:

"A new section is added to the statutes to be numbered and to read: 8.02 *Elections, justice, judge and superintendent.* All regular elections for justice, judge or superintendent shall be held on the first Tuesday of April next prior to the expiration of the term. Elections to fill a vacancy in the office of justice or judge shall be held on the first Tuesday in April next succeeding the occurrence of such vacancy, provided that if such vacancy occurs within forty days prior to said first Tuesday in April, said vacancy shall not be filled by election until the judicial election of the next year. No election to fill a vacancy in the office of justice shall be held at the same time as an election for a full term; in such case, the election to fill such vacancy shall be held on the next succeeding first Tuesday in April when there is no election for justice for the full term."

It is the contention of the petitioners that sec. 8.02, Stats. 1937, requires that an election be held on successive Tuesdays in April in the same year in which a regular election is held until all vacancies in the office affected are filled.

Applying the ordinary rules of construction, it is held to be plain that this contention cannot be sustained. It is to be noted that the words "first succeeding Tuesday of April" apply alike to judges and justices.

Sec. 1 [4], art. VII, of the constitution of the state of Wisconsin provides:

". . . The supreme court shall consist of seven justices, any four of whom shall be a quorum, to be elected as now provided, not more than one each year. . . ."

If sec. 8.02, Stats. 1937, be given the construction contended for by petitioners, then in the event of vacancies in the office of justice of the supreme court, situations might arise

where it would be necessary to hold successive elections for the second, third, or fourth successive Tuesdays in April of the same year. It is manifest that the same meaning must be given to the words, "first succeeding Tuesday of April" when applied to justices as when it is applied to judges as they are employed in the same sentence and for the same purpose. Giving these words the construction contended for by the petitioners would make the provision clearly unconstitutional as there would be a clear conflict between the statute and the provisions of sec. 1 [4], art. VII, of the constitution.

Considering sec. 8.02, Stats. 1937, as in *pari materia* with sec. 17.21 (2), it is clear that the legislature did not intend that elections to fill vacancies were to be held on an election day on which a regular election is held. To construe them as petitioners contend they should be construed would impose a very large expense upon election districts and would result in an absurdity. Construed, as we are of the opinion that they should be construed, the expense and absurdity will be avoided.

Further, it appears that the words, "first succeeding Tuesday of April" were introduced by revision without intent to change the meaning of the statute. Sec. 3, ch. 436, Laws of 1921. Prior to the revision the words were the "subsequent first Tuesday in April." Sec. 8.02, Stats. 1919. While the bill amending the section was not a revisor's bill, the rules applicable to revisor's bills should be applied in this case for it is clear that the legislature did not intend to enact an absurd and unconstitutional statute. See *Kugler v. Milwaukee* (1932), 208 Wis. 251, 242 N. W. 481.

It is considered for the reasons stated that the statutes be given a construction that does not alter the meaning of the statute as it stood prior to revision. Ch. 2, Laws of 1939, was intended to amend the statute so as to provide for the holding of a special election to fill a vacancy on the day on

which a regular election is held. It provides in part as follows:

"Elections to fill a vacancy in the office of justice or judge shall be held on the first Tuesday in April next succeeding the occurrence of such vacancy, provided that if such vacancy occurs within forty days prior to said first Tuesday in April, said vacancy shall not be filled by election until the judicial election of the next year. No election to fill a vacancy in the office of justice shall be held at the same time as an election for a full term; in such case, the election to fill such vacancy shall be held on the next succeeding first Tuesday in April when there is no election for justice for the full term."

Under the provisions of ch. 2, Laws of 1939, should there be two vacancies in the office of justice of the supreme court occurring more than forty days prior to the April election, those vacancies would be filled at the next succeeding April election when there is no election for a justice for the full term. In other words, it requires in the case of two or more such vacancies that they be filled at a single election. Thus, there might be two or more justices elected in one year. This is clearly in contravention of the provisions of sec. 1 [4], art. VII, of the constitution heretofore referred to and set out.

Whether this law in any event would be effective to modify the terms of Judge Hansen's appointment will not be dealt with because the act as it now stands is clearly unconstitutional for the reasons just stated. It further appears that the provisions relating to justices and judges are not separable. Inasmuch as the court is unable to separate the constitutional from the unconstitutional provisions, the entire act is invalid and it becomes unnecessary for the court to consider what effect, if any, it would have if it were a valid enactment.

Writ denied.