MILLER, Appellant, vs. DEPARTMENT OF TAXATION and another, Respondents.*

*September 16—October 13, 1942.*

* Motion for rehearing denied, with $25 costs, on December 8, 1942.

*A. W. Schutz* of Milwaukee, for the appellant.

For the respondents there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and·oral argument by *Mr. Persons.*

FAIRCHILD, J.    This appeal is ruled by the decisions in the cases of *Schuette v. Tax Comm.* 234 Wis. 574, 292 N. W. 9, and *Amerpohl v. Tax Comm.* 225 Wis. 62, 272 N. W. 472.

Appellant relies heavily on *Daniels v. Tearney,* 102 U. S. 415, 26 L. Ed. 187, and *Chicot County Drainage District v. Baxter State Bank,* 308 U. S. 371, 60 Sup. Ct. 317, 84 L. Ed. 329, but both cases are readily distinguishable from the case at bar.    The latter decision is based on *res judicata* and is not applicable here.    In *Daniels v. Tearney* the plaintiff, in reliance on the defendant's actions under the statute, changed his position to his detriment and so the defendant was held estopped to assert the invalidity of the statute as a defense. This case involved the right of a private individual who had benefited at the expense of the other party to the action by relying on a statute, to assert a defense of the statute's invalidity.    In the case at bar the respondent is not interposing such a defense nor has the appellant changed his position to his detriment.    A distinction must be drawn between a benefit to an individual in a private transaction and the receipt of taxes by the state officers.    The taxes represent a just debt to the state, and the people of the state have an interest in seeing that each taxpayer bears his fair share of the tax burden.    In *Daniels v. Tearney,* at page 420, the court points out that the principle of estoppel is to promote fair dealing. The legislature has declared that it shall be proper to correct any assessment within a certain period, regardless of why the mistake was made.    Sec. 71.115 (1) (a), Stats. (See ch. 1, Laws of Sp. Sess. 1937).    Appellant paid taxes which he and respondent believed were correct in amount, but he did not thereby acquire "any vested rights against the state as to assessments which properly should have been made." *Schuette v. Tax Comm.* 234 Wis. 574, 582, 292 N. W. 9.

"The payment of taxes is an obvious and insistent duty" and nothing happened in this instance to interfere with the

timely correction of a previous and mistaken assessment, even though the mistake occurred because the commission first acted under what it considered a valid law which was later held to be unconstitutional in *Hoeper v. Tax Comm.* 284 U. S. 206, 52 Sup. Ct. 120, 76 L. Ed. 248. *O'Brien v. Wheelock,* 184 U. S. 450, 22 Sup. Ct. 354, 46 L. Ed. 636; *Laabs v. Tax Comm.* 218 Wis. 414, 261 N. W. 404.

*By the Court.*—Judgment affirmed.