TENNEY chairman, &c., vs. LENZ.

Chap. 175, Laws of 1860, regulating and licensing the keeping of dogs, is an exercise of the police power of the state and not of its taxing power, and is constitutional.

The legislature may, in regulating any matter that is a proper subject of the police power of the state, impose such sums for licenses as will operate as a partial restriction upon the business, or upon the keeping of the particular kinds of property regulated.

Chap. 48, R. S., and chap. 175, Laws 1860, furnish the owner of sheep killed by .dogs two different remedies, and he may elect which he will pursue, but after recovering upon one he cannot pursue the other.

If the owner of sheep killed by dogs, elects to prove his damages to the supervisors of the town, and accepts an order on the town treasurer for the amount, his claim becomes by operation of law transferred to the town, and it may recover against the owner of the dog, but the owner of the sheep cannot thereafter recover against him. .

APPEAL from the Circuit Court for *Dane* County.

Action in justice's court brought by the plaintiff as chairman of the board of supervisors of the town of Madison, under chapt. 175 of the laws of 1860, to recover damages for the killing of sheep by the defendant's dog. The complaint alleges that on the 11th of May, 1861, two dogs, one kept by the defendant and the other by one Greenbaum, came into the town of Madison, and there attacked and worried a flock of sheep belonging to Abel Dunning of said town, and there killed fourteen lambs of said flock, doing damage to the amount of $40; that within thirty days thereafter, said Dunning presented proof thereof to the supervisors of said town, upon which they drew an order on the treasurer of the town for the amount of said damages as proved to them, being $40. The defendant denied the allegations of the complaint. The plaintiff recovered judgment for the amount of the claim and costs, and the defendant appealed to the circuit court. Trial in the circuit court without a jury, and decision finding the facts alleged by the plaintiff to be true, and judgment rendered against the defendant for $40 and costs, from which the defendant appealed.

*Hopkins & Foote*, for appellant :

1. The dog law (chap. 175, Laws of 1860) imposes not a license, but a tax ; a license may include a tax, or it may not; if the exaction goes no further than to cover the necessary expense of issuing it, it does not ; but if it is made a means of supplying the public treasury it is a tax. 21 Ohio, 273, *et seq.* ; *May vs. Cincinnati*, 11 Gill & J., 506 ; *State vs. Roberts*, 5 Cow., 462 ; 2 Story Com., 419 ; Thach. Crim. Cas., 85. The taxing power can never be exercised without an existing necessity, and only for the public welfare. 1 Ohio St., 579, 101; 21 Ohio, 273. If the dog license is a tax, it should be uniform and according to a valuation, to be constitutional. Constitution, art. 8, § 1. 2. The act in question does not take away the right of the party injured to sue the owner of the dog, and the last section of the act continues in force, chap. 48, R. S., which gives a specific remedy to the owner for the damages. The act of 1860 does not release the owner of the dog from that liability, and by allowing the town to pay the damages and then recover, the owner of the dog is made liable both to the owner of the sheep and the town.

*H. W. & D. K. Tenney*, for respondent.

*By the Court*, PAINE, J. It seems to us very clear that chap. 175, of the Laws of 1860, is an exercise of the police power of the state and not of its taxing power. Dogs, though possessing many excellent qualities, are liable by running mad and destroying sheep to do great mischief. Hence it is strictly a legitimate exercise of the police power, " to regulate and license the keeping of dogs," as was done by the act referred to.

This being so, we cannot assent to the position taken by the appellant, that if the sum required for a license exceeds the expense of issuing it, the act transcends the licensing power, and imposes a tax. By such a theory the police power would be shorn of all its efficiency. The exercise of that power is based upon the idea that the business licensed, or kind of prop-

erty regulated, is liable to work mischief, and therefore needs restraints, which shall operate as a protection to the public. For this purpose the license money is required to be paid. But if it could not exceed the mere expense of issuing the license, its object would fail entirely.    Take, for example, the business of selling intoxicating liquors.   Such a sum imposed for a license would operate as no restriction whatever.   We have no doubt, therefore, that the legislature may, in regulating any matter that is a proper subject of the police power, impose such sums for licenses as will operate as partial restrictions upon the business, or upon the keeping of the particular kinds of property regulated.   See *Milwaukee Fire Department vs. Helfenstein, ante*, 136.   We have said thus much in answer to the point made by the appellant, though it could hardly be assumed that the sum of one dollar, required by this act for a license, is large enough to invalidate the law, even were the rule as the appellant contends.

The only other objection necessary to be noticed, is this. The appellant says the act in question does not repeal chapter 48 of the Revised Statutes, which gives a right of action by the owner of sheep killed by dogs, against the owner of the dog; so that although the defendant should pay the full amount of the damage done to the town, on a judgment in this action, he would still be liable to pay it over again to the owner of the sheep.   This is not so.   For although chapter 48 of the Revised Statutes, is not repealed, it cannot be assumed that the legislature intended to allow the owner of sheep killed, to have two remedies for the same injury, and recover on both. It furnishes the remedies, and he may elect either; but after recovering upon one, he cannot elect the other.   This is evident from the fact, that this act provides that if the owner elects to prove his damage to the town, and to accept its order upon the treasurer for the amount, the town thereby becomes invested with his claim for damages against the owner of the dog, and authorized to bring the action, as was done here.   This

implies that his claim is transferred by the operation of the act, and the election of the owner under it, to the town; and if so, of course he could not afterwards sue on it himself. He might have proceeded under chapter 48, R. S., against the owner of the dog had he seen fit; but having chosen another remedy, under the act of 1860, the effect of which is to transfer his claim to the town, such right of action would no longer remain in him.

The judgment is affirmed with costs.