### GEORGE W. OYLES *v.* CITY OF LOUISVILLE.

**Dogs Not Property.**

> Dogs are not property in any sense that the public may not for its own convenience or safety prohibit one from keeping or permitting a dog to be kept upon his premises, and the power to prohibit includes power to prescribe the terms on which they may be kept.

APPEAL FROM JEFFERSON CIRCUIT COURT.

November 21, 1879.

OPINION BY JUDGE COFER:

Dogs are not property in any sense that the public may not for its own convenience or safety prohibit any one from keeping or permitting a dog to be harbored upon his premises. The general council of Louisville has power to pass ordinances imposing fines not exceeding $100 for any designated misdemeanor not provided for by the general laws of the statae. Sec. 8, pages 10 and 11, Lucas' Charter.

Dogs, though sometimes useful, are known not to be generally so, and it is also known that they are often mischievous, and sometimes dangerous, and the keeping of them may be restrained (*Tenny v. Lenz*, 16 Wis. 566), or even prohibited by the law-making power. The power to prohibit altogether includes power to prescribe the terms on which they may be kept, and the general council therefore had power under that provision of the charter referred to, supra, to pass the ordinance in question, the license fee being imposed, not as a tax, but to defray the expense of issuing the license and furnishing a collar for each dog licensed, and by way of re-restraining the keeping of dogs within the city. *Tenny v. Lenz*, supra; *Board of Trustees v. Markham*, 5 Bush 481.

We perceive no irregularity in the proceedings of either board of the general council, except that the ordinance seems to have been voted on by the board of aldermen on the same day it was received from the board of common councilmen, in violation of rule No. 9 of the aldermen.

The charter requires each board to adopt rules for the transaction of business, but it does not make an adherence to those rules necessary to the validity of the acts of the general council. The rules are for the government of the boards, and that they were not being observed may furnish ground of objection in the council, but will not affect acts otherwise regularly adopted, after they have passed out of the hands of the two boards and the mayor. These views render it unnecessary to notice in detail other points made in argument.

Judgment *affirmed*.

*Elliott & Atchison, for appellant. T. L. Bennett, for appellee.*