GOETZ, Trustee in bankruptcy, Respondent, vs. WILLIAMS and others, Appellants.

*December 10, 1931—January 12, 1932.*

For the appellants there was a brief by. *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish* of counsel, all of Milwaukee, and oral argument by *Mr. Fish.*

For the respondent there was a brief by *Reginald I. Kenney,* attorney, and *Miller, Mack & Fairchild* of counsel, all of Milwaukee, and oral argument by *Mr. Edwin S. Mack* and *Mr. Kenney.*

OWEN, J. For many years the statutes of this state provided that no dividend should be paid to any stockholder of any corporation until the capital stock had been fully paid in. Sec. 1765, Stats. 1898. This statute has been somewhat amended and now appears as sec. 182.19, and provides that no dividend shall be paid by any corporation until at least fifty per cent. of the authorized stock has been fully paid in. Formerly our statutes provided for the issuance of but one kind of stock. Under established doctrine, the capital stock constituted a trust fund for the benefit of creditors.

It is contended by the defendants that our present statutes authorizing the issuance of preferred stock which may be redeemed by the corporation (sec. 182.13), and for stock without nominal or par value (sec. 182.14), *ipso facto* destroy the trust-fund theory and render sec. 182.19 inapplicable and unworkable. The argument is that in view of the fact that the preferred stock may be redeemed at any time, and in view of the further fact that the non-par stock has no stipulated value, it is impossible to tell what the capital stock of the corporation is, as the preferred stock may be redeemed the day after it is issued and the value of the non-par stock may fluctuate from day to day so that its value cannot be determined by the corporate records. These contentions would invite rather extended consideration did we not feel that the answer to both of these contentions is to be found in the statutes.

At all times the statutes of this state have provided that no corporation "shall transact business with any others than its members until at least one-half of its capital stock shall have been duly subscribed and at least twenty per centum thereof actually paid in." Sec. 1773, Stats. 1898. This section now appears as sec. 180.06 and provides:

"If the articles authorized both par value and non-par value stock, the corporation shall not transact business with others than its members until at least one-half of the author-

ized par value of the par value stock and one-half of the authorized number of shares of non-par value stock shall have been subscribed and one-fifth of the authorized par value of the par value stock and one-fifth of the authorized number of shares of non-par value stock shall have actually been paid in."

The argument which is now made to indicate the inapplicability and unworkability of sec. 182.19 could as well be directed to sec. 180.06 in the absence of this express provision. It is apparent that the underlying purpose of sec. 180.06 and sec. 182.19 is the same. Both are for the purpose of affording security to the creditors of the corporation. They may be said to be *in pari materia*. When an express rule is introduced into sec. 180.06 to determine what proportion of the stock shall be subscribed and what proportion paid in before the corporation shall be permitted to transact business, such rule is plainly applicable to sec. 182.19. It is conceded by the appellants that the problem is plainly one of legislative intent. By a comparison of these two sections the legislative intent plainly appears, and the rule expressly provided for the construction of sec. 180.06 furnishes the legislative intent which should govern in the construction of sec. 182.19. By the authorization of these two rather special species of stock the legislature did not intend to abrogate the limitation upon the payment of dividends which had obtained prior to the authorization of such special issues, and when the capital stock of a corporation consists in whole or in part of these two special species, the time when dividends may be paid is to be ascertained by the rule laid down in sec. 180.06. It follows that the demurrer was properly overruled.

*By the Court.*—Order affirmed.