Vieau, Respondent, vs. Common Council of the City of Chippewa Falls, Appellant.

*May 8—June 4, 1940.*

P. J. *Murphy,* city attorney, for the appellant.

For the respondent there was a brief by *Stafford & Stafford,* attorney, and *John Frampton* of counsel, all of Chippewa Falls, and oral argument by *Mr. Frampton.*

FRITZ, J.  In passing upon the contentions on this appeal, it suffices to note the following facts.  Plaintiff, Peter Vieau, was born in Wisconsin in 1891, and lived here until he moved to Canada in 1909.  He became a naturalized citizen of Canada in 1913, and resided there until he returned to the United States in 1933.  In March, 1936, he was refused reentrance to Canada on the ground that he had lost his domicile there by remaining in the United States over six months. For the past seven years he has resided in Chippewa county, Wisconsin, and on June 30, 1938, he was granted an "operator's" license by the defendant under sec. 66.05 (10) (i), Stats.; and he worked as such an operator during the year ending June 30, 1939.  On that date he filed an application for a license for the ensuing year, and defendant refused to grant it on the ground that he was not a citizen of the United States when he applied therefor.

Plaintiff's application for an operator's license was made under a city ordinance enacted under sec. 66.05 (10) (i), Stats. 1937, which provides :

"*Operators' licenses.*  1. Every city council, village or town board, may issue a license known as an 'Operator's' license, which shall be granted only upon application in writing. Said operator's license shall be issued only to persons of good

moral character, who shall have been citizens of the United States and residents of this state continuously for not less than one year prior to the date of the filing of the application. Such licenses shall be operative only within the limits of the city, village or town in which issued. For the purpose of this paragraph any member of the immediate family of the licensee shall be considered as holding an operator's license."

Vieau contends that the common council did not have power to deny the license upon the ground that he was not a citizen when he applied therefor. He claims that if the statute is construed to require citizenship for one year, then it is unconstitutional because a statute may not discriminate between those who have been citizens for more than a year and citizens who have not had the status for at least a year. In support of that claim it is argued that as to rights which are made dependent upon the fact of citizenship, every citizen is entitled to the same rights and consideration as all other citizens; and therefore, if sec. 66.05 (10) (i), Stats., is construed to require citizenship "continuously for not less than one year prior to the date of the filing of the application," the statute is discriminatory as between citizens, and the requirement is invalid. The argument and the claim based thereon fail for several reasons. The regulation of the sale of intoxicating liquors does not come within the equality provisions of the United States constitution. As was stated in *Giozza v. Tiernan,* 148 U. S. 657, 661, 13 Sup. Ct. 721, 37 L. Ed. 599,—

"The privileges and immunities of citizens of the United States are privileges and immunities arising out of the nature and essential character of the national government, and granted or secured by the constitution of the United States, and the right to sell intoxicating liquors is not one of the rights growing out of such citizenship." See also *Bartemeyer v. Iowa,* 85 U. S. (18 Wall.) 129, 21 L. Ed. 929.

Furthermore, statutes regulating the sale of intoxicating liquor may prescribe requirements which result in classifica-

tion as between citizens, and, limit the exercise of the privileges under a license to such as have the qualifications required to become eligible to that class. As was said in *Mehlos v. Milwaukee*, 156 Wis. 591, 604, 146 N. W. 882,—

"There is no federal guaranty which exempts citizens of the United States from reasonable police regulations as regards person and property, *State ex rel. Kellogg v. Currens*, 111 Wis. 431, 87 N. W. 561, or which prevents legitimate classification for the purpose of police regulation. In case of such classification and the regulation affecting all members of the class alike, there is no violation of any equality clause of national or state constitution."

See also *Tragreser v. Gray*, 73 Md. 250, 20 Atl. 905, 9 L. R. A. 780, 25 Am. St. Rep. 587. Moreover, as plaintiff is not a citizen he is not prejudiced by any such discrimination between citizens and, therefore, cannot challenge the constitutionality of the statute on that ground. "Statutes are not to be declared unconstitutional at the suit of one who is not a sufferer from their unconstitutional provisions." *State ex rel. Kellogg v. Currens*, 111 Wis. 431, 442, 87 N. W. 561; *State v. Arnold*, 217 Wis. 340, 348, 258 N. W. 843; *Will of Heinemann*, 201 Wis. 484, 490, 230 N. W. 698; 16 C. J. S. p. 179, § 88; 11 Am. Jur. p. 759, § 114.

Furthermore, plaintiff claims, in support of his contention that the council erred in refusing to grant a license to him, that the provision in sec. 66.05 (10) (i), Stats. 1937, that "Said operator's license shall be issued only to persons . . . who shall have been citizens of the United States and residents of this state continuously for not less than one year prior to the date of the filing of the application," does not require citizenship at the time of filing the application and during the year prior thereto. On the contrary, he claims the requirement as to citizenship is merely that at some time prior to the filing of his application the applicant shall have been a citizen for one year; and that he is within that class because he was a citizen of the United States for twenty-one

years, until 1913 when he became a naturalized citizen of Canada.

Plaintiff's claims and contention in these respects cannot be sustained. The phrase "continuously for not less than one year," which is in the clause "who shall have been citizens of the United States and residents of this state continuously for not less than one year prior to the date of the filing of the application," is applicable to and definitive of the word "citizens," as well as the word "residents." As these words are used conjunctively in that part of the clause which is the nearest antecedent to the definitive phrase "continuously for not less than one year," the latter is as applicable to the word "citizens" as it is to the word "residents." Likewise, as the term "one year" in that phrase is the nearest antecedent to the subsequent definitive phrase "prior to the date of the filing of the application," the evident legislative intent is that the applicant shall have been a citizen and resident of this state continuously for not less than the year which immediately preceded, in the order of time, the date of the filing of his application.

Moreover, a comparison of the statutes requiring licenses in relation to the sale of intoxicating liquors discloses that in so far as the matter of citizenship is concerned, there are more exacting requirements as to eligibility for licenses to sell such liquor, as a "Retail Class B" dealer, by the glass only to be consumed on the licensed premises (sec. 176.05 (2) (a), Stats.), and for operators to dispense liquor to be so dispensed and consumed, than there are in the case of wholesalers and "Retail Class A" dealers. There is no requirement whatever as to citizenship in the statutes relating to wholesalers' licenses (sec. 66.05 (10) (e), Stats.) and "Retail Class A" licenses (permitting sales only in original packages and in certain quantities, to be consumed off the licensed premises,—secs. 66.05 (10) (f) and 176.05 (2) (a), Stats.) ; but in the cases of "Retail Class B" and "oper-

ator's" licenses, the legislature has expressly prohibited the issuance of a license unless the applicant has the qualification as to citizenship required by secs. 66.05 (10) (g) and 66.05 (10) (i), Stats., respectively. Although, in stating that requirement in these sections, there is some difference in the tense of the verb used (which as to "Retail Class B" licenses is "who shall be citizens," and as to operator's licenses is "shall have been citizens"), these regulatory provisions in respect to the selling of liquor by the glass to be consumed on the premises are in *pari materia* to such an extent that the statutes should be construed with reference to each other (*Kugler v. Milwaukee,* 208 Wis. 251, 242 N. W. 481; *Waisbren v. Blink,* 207 Wis. 619, 242 N. W. 169; *Goetz v. Williams,* 206 Wis. 561, 240 N. W. 181); and when so construed they require alike citizenship at the time of the application and for not less than the year prior thereto. It follows that the common council rightly denied plaintiff's application for an operator's license and that the judgment under review must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.