## HAMILTON MFG. CO.
### v.
## UNITED STATES.
### Civ. A. No. 4986.

United States District Court
E. D. Wisconsin.
Sept. 29, 1953.

Fairchild, Foley & Sammond, Milwaukee, Wis., for plaintiff.

Timothy T. Cronin, U. S. Atty., Milwaukee, Wis., for defendant.

TEHAN, District Judge.

Plaintiff taxpayer, a Wisconsin corporation, brings this action for refund of undistributed profits surtax paid for the year 1936 in the sum of $23,672.61, with interest thereon from the date of payment. The taxes were paid under the Revenue Act of 1936, 49 Stat. 1648, § 14, 26 U.S.C.A.Int.Rev.Acts, page 823, which imposed a surtax on corporate net income earned during the tax year but not distributed as dividends.

In 1942, the revenue laws were amended to give retroactive relief from the surtax on undistributed profits imposed by the 1936 act, to deficit corporations which had become subject to that tax because they were prohibited from paying dividends by law or by an order of a public regulatory body. Revenue Act of 1942, 56 Stat. 798, § 501(a), 26 U.S.C.A.Int.Rev.Acts, page 344. Taxpayer contends that it comes within the relief provisions of the 1942 amendment.

The case was submitted on the following stipulation, set forth in an order following a pre-trial conference:

"1. Before taking up matters of accounting, the issue of whether the taxpayer corporation was prohibited by Wisconsin state law from paying a dividend in 1936 shall first be determined.

"2. For the sole purpose of determining this issue, it is stipulated by counsel for the parties that as of December 31, 1935, taxpayer corporation had a capital surplus greater than the deficit in earned surplus resulting from operations in prior years, and that taxpayer had earnings in the tax year of 1936."

The 1942 amendment provides in part as follows:

"Sec. 501. Additional Credits For Undistributed Profits Tax

"(a) Amendments to the Revenue Act of 1936.

\* \* \* \* \* \*

"(3) Deficit corporations. In the case of a corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year, the amount of such deficit, if the corporation is prohibited by a provision of a law or of an order of a public regulatory body from paying dividends during the existence of a deficit in accumulated earnings and profits, and if such provision was in effect prior to May 1, 1936."

The leading case interpreting this statute and tracing its history is United States v. Ogilvie Hardware Co., 330 U.S. 709, 67 S.Ct. 997, 91 L.Ed. 1192. In that case the Supreme Court said in 330 U.S. at page 717, 67 S.Ct. at page 1001, that in enacting Section 501, Congress intended to provide refunds to corporate taxpayers "who had paid undistributed profits taxes as a choice between conflicting state and federal compulsions." The court further said:

"We think Congress was moved to relieve those corporations which it considered to be 'caught in a trap' whereby they were taxed by the Federal Government if they did not pay dividends and subject to prosecution and penalties by the Federal Government or the states if they did."

The court went on to state that the right to recovery depended ultimately upon whether federal law or federal regulatory bodies, or state law or state regulatory bodies, prohibited payment of dividends.

Thus in the case before the court, in order to establish its right to a refund of the 1936 taxes, the taxpayer must show not only that it had a deficit in accumulated earnings and profits at the close of its fiscal year, but also that it was prohibited by a provision of Wisconsin law from paying dividends in 1936. As stated in Paragraph 1 of the pretrial order, it is the latter issue which is before the court for determination.

Section 182.19 of the 1935 Statutes governs the payment of dividends during the year in question, and provides in part:

"182.19 *Dividends; payment of, when; liability.*

"(1) No dividend shall be paid by any corporation until at least fifty per cent of the authorized capital stock has been fully paid in, and then only out of *net profits properly applicable thereto, and which shall not in any way impair or diminish the capital;* and if any dividend shall be paid contrary to this provision, every stockholder receiving the same shall be liable to restore the full amount thereof unless the capital be subsequently made good; and if the directors shall pay any dividend before the said portion of such capital stock is fully paid in, or when the corporation is insolvent or in danger of insolvency, not having reason to believe that there were sufficient net profits properly applicable thereto to pay the same without impairing or diminishing the capital, they shall be jointly and severally liable to the creditors of the corporation at the time of declaring such dividends to the amount of their claim." (Emphasis added.)

There is much discussion and authority offered as to the meaning of the words "net profits", plaintiff contending that they mean the same thing as "earned surplus", that is, the earnings accumulated during the period of the corpora-

tion's existence as distinguished from current annual earnings. The defendant argues that the words "net profits" are commonly defined as the annual net earnings which remain after deducting expenses for the year, and that so long as its capital was not impaired, the taxpayer's current earnings for 1936 constituted "net profits" from which dividends could be declared.

The conflict in the authorities presented indicates that the words may have differing meanings under varying circumstances, and that to ascertain their significance, it is necessary to consider the context in which they are used and the general purpose to be accomplished.

While Wisconsin decisions on the subject are scarce, the Wisconsin court has said that the capital stock constitutes a trust fund for the benefit of creditors, and that the purpose of Section 182.19 is to afford some minimum security to the creditors of the corporation. Goetz v. Williams, 1932, 206 Wis. 561, 240 N. W. 181. It would seem that this objective is achieved if the corporation is permitted to pay dividends only out of the excess of its assets over liabilities and outstanding capital stock. Furthermore, it would seem that where the corporation has a surplus at the beginning of the year and in addition has earned "net profits" during the year, a dividend could be declared out of such "net profits" without impairing capital, within the purposes and requirements of Section 182.19.

In any event, it is not necessary to ascertain which of the suggested definitions applies to the term "net profits" as it is used in Section 182.19. This court believes that even if the taxpayer's position that it means the same thing as "earned surplus" is accepted, the plaintiff taxpayer corporation was not "caught in a trap" so as to entitle it to a refund under the 1942 amendment.

Application of capital surplus to a deficit in earned surplus has been widely recognized as an established method to eliminate deficits so as to permit payment of dividends out of present or future earnings. By reducing their capitalization, corporations commonly create such capital surplus for that very purpose.

That this is accepted practice is indicated by the definition of "earned surplus" of the Committee on Terminology of the American Institute of Accounts (Accounting Research Bulletin No. 9):

"Earned surplus is the balance of net profits, income and gains of a corporation from the date of incorporation *(or from the date when a deficit was absorbed by a charge against the capital surplus created by a reduction of the par or stated value of the capital stock or otherwise)* after deducting losses and after deducting distributions to stockholders and transfers to capital-stock accounts when made out of such surplus." (Emphasis added.)

The new Wisconsin Business Corporation Law which was enacted as Chapter 731 of the Laws of 1951 and became effective July 1, 1953, codified the definition of earned surplus as follows:

"180.02 Definitions. As used in this chapter, unless the context otherwise requires, the term:

\* \* \* \* \* \*

"(12) 'Earned surplus' means the portion of the surplus of a corporation equal to the balance of its net profits, income, gains and losses from the date of incorporation, *or from the latest date when a deficit was eliminated by an application of its capital surplus or stated capital or otherwise,* after deducting subsequent distributions to shareholders and transfers to stated capital and capital surplus to the extent such distributions and transfers are made out of earned surplus." (Emphasis added.)

The law of Wisconsin has long recognized that so long as the rights of creditors are adequately safeguarded, a corporation could reduce its capitalization when business conditions might warrant it. Wis.Stats.1935, § 180.07.

■■ In the present action, without being required to reduce its capitalization, the plaintiff had a capital surplus which was more than enough to absorb the deficit in the earned surplus account. It seems clear to us that by an appropriate resolution of the appropriate body the existing capital surplus could have been applied to the deficit in the earned surplus, at which point there would clearly have been no capital impairment, thus rendering the plaintiff legally eligible to declare dividends out of its current earnings. A corporation having an existing ability to make itself legally eligible to declare dividends cannot successfully claim that it is "prohibited by a provision of a law  *  *  *  from paying dividends  *  *  *."