SLUGGY'S LAKE FRONT INN, INC., "Dewey & Dees," James Rossato, Eugene Lynn, "Ralph's Steak House," Jade Gardens, Inc., "Jade Gardens," King Yan Tso, Ramada-Delavan, Inc., "Lake Lawn Lodge," Ramada Delavan, Inc., "Lake Lawn Lodge Club House," J. Phillip Reader, Joey Mic-Enterprises, Inc., "The Waterfront," James E. Schoole, Clowns of Delavan, Inc., "Clowns," Linda I. Petrone, Marsicano Enterprises, Inc., "The Village Supper Club," Nicholas Marsicano, Frederick Blackman, "Wayside Inn," Carol J. Wehrwein, "Pirates Cove," Scope, Inc., "The In Between," George L. Holmberg, Emory W. Carlson, "Harbor Inn," Esquire Lounge, Inc., "Esquire Lounge," James G. Skizas, Raymond J. Schulz, "The Firehouse," Peek Inn Corporation, "Peek Inn," James E. Havlovic, Richard W. Fieller, Jr., "Trickys," Theodore Bender, "Home," Harlan G. Seaver, "Harlans," Mohr of the Wagon Wheel, Inc., Thomas R. Mohr, Richard C. Bogart, "Bogarts Hi Way Liquor," Joan E. Brown & Richard J. Brown, "Browns Market & Liquor," Plaintiffs-Appellants,†

v.

TOWN OF DELAVAN, a Wisconsin municipal corporation, Defendant-Respondent.

Court of Appeals

*No. 84–879. Argued January 30, 1985.—Decided May 22, 1985.*
(Also reported in 372 N.W.2d 174.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiffs-appellants, there were briefs and oral argument by *Randall G. Leece* of *Sweet & Leece,* of Elkhorn. *DeWitt, Sunby, Huggett, Schumacher & Morgan, S.C., Peter A. Peshek* and *Judy A. Derouin* of counsel on reply brief.

For the defendant-respondent, there was a brief and oral argument by *Steven R. Wassel* of *Wassel & Kilkenny,* of Delavan.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.  Sluggy's Lake Front Inn, Inc. and numerous other establishments (Sluggy's) appeal from a judgment dismissing their complaint and denying their motion for summary judgment. On appeal, Sluggy's argues that the trial court erred in determining that the town of Delavan's increase in liquor licensing fees was a proper exercise of police power. We originally certified this case to the Wisconsin Supreme Court for its consideration. That court denied our request. We agree with the trial court's conclusion that, as long as the municipality sets the fee within the limitations set by the legislature, the act is not subject to judicial review. Accordingly, we affirm the judgment of the trial court.

In September 1982, the town of Delavan passed an ordinance increasing the fee for intoxicating liquor licenses from $245 to $500. In March 1983, this ordinance was modified to provide that Retail Class A and B intoxicating liquor licenses would be $400 per year.

Sluggy's brought suit to have the ordinance declared void "for failure to base the fee schedule upon accurate

determinations of costs associated with the issuance" of liquor licenses. Sluggy's produced a letter from the town of Delavan chief of police stating that the town's cost in administering the approximately twenty licenses, including police patrolling, "could easily exceed $10,000.00 annually." A letter from the township offices stated that total administrative and publication costs per license was $45.10. The trial court granted the town of Delavan's motion to dismiss, holding that the fee charged by the town of Delavan "is presumed reasonable, for it is within the statutory prescription" of sec. 125.51(2)(d) and (3)(e), Stats. Sluggy's appeals.

The essence of Sluggy's claim on appeal is that all licensing ordinances, as exercises of police power, must be reasonable (*see Highway 100 Auto Wreckers, Inc. v. City of West Allis,* 6 Wis. 2d 637, 646, 96 N.W.2d 85, 90 (1959)) and that licensing fees may not unreasonably exceed the cost of administration and cannot be directed to the purpose of raising general revenue. *See State ex rel. Attorney General v. Wisconsin Constructors, Inc.,* 222 Wis. 279, 285, 268 N.W. 238, 241 (1936). When the police patrol costs are not counted, Sluggy's contends that no reasonable relation exists between the cost of the license and the cost of administration.

The town of Delavan, on the other hand, relies on a line of cases beginning with *dicta* in *Tenney v. Lenz,* 16 Wis. 566, 568 (1863), for the implicit proposition that liquor regulation is not subject to the reasonableness rule. This argument relies in large part upon *Weinberg v. Kluchesky,* 236 Wis. 99, 101–02, 294 N.W. 530, 531 (1940), where the supreme court made clear that the legislature's police power in regulating intoxicating liquor is sufficiently broad to allow conditions so burdensome as to effectively prohibit liquor business.

We believe that neither Sluggy's nor the town of Delavan's position adequately addresses the situation before us. Here we are presented with a case in which the legis-

lature has given municipalities a specific range for licensing fees, where the municipality has chosen a fee within the prescribed range, and where no challenge to the statute setting the range is before us. In such a case as this, we are unpersuaded that the municipality's decision is subject to judicial review.

"The power to pass ordinances must be reasonably exercised but *within the field delegated it may go to the boundaries of reason and within that field the municipality's discretionary power is supreme.*" *Town of Yorkville v. Fonk,* 3 Wis. 2d 371, 375, 88 N.W.2d 319, 321, *appeal dismissed,* 358 U.S. 58 (1958) (emphasis added).

The function of a reviewing court is solely for the purpose of determining whether legislative action under the power delegated to the municipality passed the boundaries of its limitations or exceeded the boundaries of reason. The delegation to the municipality of this power by the legislature implies a field of legislative discretion within which its acts are not subject to judicial review. It is only when the bounds of that field are clearly exceeded that courts will deny validity to the ordinance.

*Id.* Given the municipality's choice of fees within the statutory limits, it cannot be seriously argued that the bounds of the discretionary field have been exceeded.

Although the authorizing statute is not challenged here, we do note that legislative power is most extensive in the regulation of the liquor-traffic industry. *Moedern v. McGinnis,* 70 Wis. 2d 1056, 1071, 236 N.W.2d 240, 247 (1975). Where legislative action is within the scope of the police power, fairly debatable questions as to reasonableness are not for the determination of the court but for the legislative body. *See State v. Dried Milk Products Co-operative,* 16 Wis. 2d 357, 363, 114 N.W.2d 412, 415 (1962). At best, the issue before us is fairly debatable. We conclude, therefore, that the legislative grant of discretion to the municipality is an act the re-

view of which is inappropriate for the courts to undertake.

*By the Court.*—Judgment affirmed.

BROWN, P.J. *(dissenting)*. I am compelled to dissent. This is a liquor licensing case. Liquor licensing is an exercise of police power. *State ex rel. Martin v. Barrett,* 248 Wis. 621, 626, 22 N.W.2d 663, 666 (1946).[1] As such, the licensing must not be used for the purpose of raising revenue. *State ex rel. Attorney General v. Wisconsin Constructors, Inc.,* 222 Wis. 279, 285, 268 N.W. 238, 241 (1936). Rather, because it is an exercise of the police power, the fee must be designed to cover the costs of regulation. *Id.* at 289, 268 N.W. at 243.

If the imposition clearly and materially exceeds the cost of regulation, inspection or police control, it is generally held to be a tax or an illegal exercise of the police power. 4 Cooley, *The Law of Taxation* pp. 3513–14 (4th ed. 1924). As a tax, or illegal exercise of police power, such an imposition would violate Wis. Const. art. VIII, sec. 1. Objection to licensing fees on grounds that they are excessive necessarily involves a constitutional test of reasonableness. This test requires that when imposing regulations under the police power, the means must bear a reasonable relationship to the end. *See State ex rel. Carter v. Harper,* 182 Wis. 148, 152, 196 N.W. 451, 453 (1923); *see also Wisconsin Constructors* at 285, 268 N.W. at 241.

The majority attempts to bypass the constitutional question by asserting that the appellants are not claiming

---

[1] The town of Delavan argues that liquor licensing is excepted from the usual rule that licensing must be reasonably proportionate to the costs and expenses of policing the license. It cites the *dicta* found in *Tenney v. Lenz,* 16 Wis. 566 (1863), as its only basis for support. I disagree, mostly on the strength of later cases that appear to say otherwise. *See, e.g., State ex rel. Martin v. Barrett,* 248 Wis. 621, 626, 22 N.W.2d 663, 666 (1946).

the state statute to be unconstitutional. The rationale appears to be as follows: If the state statute is not under constitutional attack, it is presumed reasonable. Any ordinances adopted pursuant to statute are then valid. Creation of an ordinance in compliance with the statute negates any need for a reasonableness determination by the court.

I respectfully disagree. An ordinance adopted under police power granted by state statute is still subject to the test of reasonableness. *See Highway 100 Auto Wreckers, Inc. v. City of West Allis*, 6 Wis. 2d 637, 646, 96 N.W.2d 85, 90 (1959). The mere finding that the fees are within the statutory guidelines does not end the analysis. The fees must still bear a reasonable relationship to the costs and expenses of policing the enterprise.

I would reverse and remand for the parties to address the factual question relating to the reasonableness of the fees.