## COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 24, 2019

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP673**

**STATE OF WISCONSIN**

Cir. Ct. No. 2015CV315

**IN COURT OF APPEALS**
**DISTRICT II**

---

GARFIELD BAPTIST CHURCH DBA SPRING CREEK CHURCH,

PLAINTIFF-RESPONDENT,

V.

CITY OF PEWAUKEE,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Waukesha County: KATHRYN W. FOSTER, Judge. *Reversed and cause remanded*.

Before Reilly, P.J., Gundrum and Hagedorn, JJ.

¶1 HAGEDORN, J. This case involves a challenge by Garfield Baptist Church to the City of Pewaukee's charges for use of its storm water management system. The Church alleged that the charges constituted political subdivision fees that did not "bear a reasonable relationship to the service for which the fee is

imposed" under WIS. STAT. § 66.0628(2) (2017-18),[1] and that the charges violated WIS. STAT. § 66.0821, which allows challenges to sewerage and storm water charges. At a bench trial, the circuit court placed the burden on the City to prove that its charges bore the required "reasonable relationship" under § 66.0628(2). The circuit court found that the City did not meet this burden, ruling for the Church. The circuit court also declared the charges "inequitable" under § 66.0821(4)(c). We reverse.

¶2      WISCONSIN STAT. § 66.0821(4)(c) is not an acceptable vehicle for challenging sewerage and storm water charges. Challenges of that kind may be raised pursuant to subsec. (5) of that statute; however, our cases have made clear that the public service commission has exclusive jurisdiction to make an initial determination that charges are unreasonable or unjustly discriminatory, and its determination is subject to review in our courts via WIS. STAT. ch. 227. Therefore, the circuit court's determination on this ground was in error.

¶3      The circuit court's separate determination that the charges did not bear a "reasonable relationship" to the services provided under WIS. STAT. § 66.0628(2) also must be overturned because the circuit court erroneously placed the burden of proof at trial on the City rather than the Church. And because this error affected the substantial rights of the City, we reverse the judgment and remand.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version.

## BACKGROUND

¶4 The City established its storm water utility through an ordinance passed in 2010. Acting through the utility, the City maintains a storm water management system that is designed to provide storm water services to users of the system. By ordinance, the system is to be funded through annual utility charges assessed against property owners based on their respective system usage.

¶5 The City also employs—via ordinance—a credit policy that allows for reductions of a charge on the basis of property-specific practices that are beneficial to the system as a whole. Available credits include a quantity credit of up to 15% for a property that utilizes best storm water management practices and a quality credit of up to 25% for a property that reduces discharge on-site. While these and other credits may be applied simultaneously, the City's policy allows for no more than 40% credit.

¶6 Starting in 2010, the Church was assessed an annual utility charge of $13,428 for its use of the storm water management system. Following an objection from the Church, the City applied the 25% quality credit, reducing the annual charge to $10,003.43. The annual charge was later reduced to $8056.80 after the Church again objected and the City applied the 15% quantity credit.

¶7 Still unhappy with the charges, the Church filed an action with the circuit court asserting it was not a user of the storm water management system and therefore should not be charged at all. The Church also contended that the charges violated the prohibition in WIS. STAT. § 66.0628 against unreasonable political subdivision fees and the requirement under WIS. STAT. § 66.0821 for equitable storm water service charges. As an alternative basis for relief, the Church sought a declaration that the charges constituted a tax from which it was exempt.

¶8 Following a three-day bench trial, the circuit court declared that the Church was a user of the storm water management system and that, at a global level, the City's methodology for imposing charges, granting credits, and recovering costs was reasonable. Nevertheless, the court concluded that the Church's individual charges were unreasonable under WIS. STAT. § 66.0628(2) and inequitable under WIS. STAT. § 66.0821(4)(c). The court's remedy involved applying additional credits adding up to 90%, leaving the Church with a payment of 10% of the original charge. This new discounted amount was applied to past and future charges. The City appeals.

**DISCUSSION**

¶9 In concluding that the Church was entitled to relief, the circuit court found that the City's utility charges violated both WIS. STAT. § 66.0628(2) and WIS. STAT. § 66.0821(4)(c). As to the latter conclusion, the statute itself and cases interpreting it establish that the legislature has delegated the authority to make initial determinations under § 66.0821 to the public service commission (PSC). Given this, the circuit court did not have a proper legal basis for its decision under § 66.0821. The circuit court's decision based on § 66.0628(2) also must be reversed because the circuit court applied an incorrect burden of proof.

*WISCONSIN STAT. § 66.0821*

¶10 The circuit court rested its decision in part on the ground that the charges were "inequitable" under WIS. STAT. § 66.0821(4)(c). That statute provides:

> *For the purpose of making equitable charges* for all services rendered by a storm water and surface water sewerage system to users, the property served may be classified, taking into consideration the volume or peaking

4

of storm water or surface water discharge that is caused by the area of impervious surfaces, topography, impervious surfaces and other surface characteristics, extent and reliability of mitigation or treatment measures available to service the property, apart from measures provided by the storm water and surface water sewerage system, and any other considerations that are reasonably relevant to a use made of the storm water and surface water sewerage system. The charges may also include standby charges to property not yet developed with significant impervious surfaces for which capacity has been made available in the storm water and surface water sewerage system. No additional charges, beyond those charged to similar properties, may be charged to a property for services rendered by a storm and surface water system for a property that continually retains 90 percent of the difference between the post-development and predevelopment runoff on site.

*Id.* (emphasis added). While this provision does discuss the goal of equity, nothing in this statute provides a separate right for users of the system to challenge charges as inequitable. Rather, this provision on its face authorizes municipalities to consider various relevant factors when establishing service charges.

¶11 This reading is not only manifest in the language, it is confirmed by the fact that the legislature enacted a separate provision—WIS. STAT. § 66.0821(5)—that gives users the right to challenge "rates, rules and practices" that "are unreasonable or unjustly discriminatory." *Id.* Such complaints under subsec. (5) are to be directed to the public service commission. The statute authorizes the PSC to investigate such complaints, and, if necessary, conduct hearings and issue orders to fix reasonable rates and settle any other matters. Sec. 66.0821(5)(a). Determinations of the PSC may then be judicially reviewed pursuant to WIS. STAT. ch. 227. Sec. 66.0821(5)(b).

¶12 Based on this statutory structure, our cases have made clear that the PSC is vested with the "exclusive jurisdiction" to make initial determinations on

5

whether charges are unreasonable or discriminatory under WIS. STAT. § 66.0821. *See **Kimberly-Clark Corp. v. PSC***, 110 Wis. 2d 455, 461, 329 N.W.2d 143 (1983) (citing statutory predecessor to § 66.0821). But the PSC was not able to make such a determination in this case. While the record shows that the Church filed an informal complaint with the PSC, that matter was withdrawn before a final ruling was issued.

¶13    In rejecting the City's argument on the PSC's jurisdiction, the circuit court stated that deferring a decision after significant time had passed would be a "travesty in pragmatic terms, and a colossal waste of judicial resources, first of all, but more importantly the resources of both parties here." As prudent as those concerns may be, the legislature has not recognized exceptions to the procedure for challenging the reasonableness of service charges under WIS. STAT. § 66.0821(5). Nor does anything in the rest of the statutory language authorize a separate challenge to charges in the circuit court as inequitable. Therefore, the circuit court's ruling was not based on a proper legal basis and must be reversed.[2]

*WISCONSIN STAT. § 66.0628*

¶14    Even though the circuit court's reliance on WIS. STAT. § 66.0821(4)(c) was erroneous, the court also based its decision on WIS. STAT.

---

[2] We note the City did not renew its argument as to this issue on appeal. Even so, we deem it necessary to apply binding statutory and case law, as well as provide further guidance for the parties and the circuit court on remand. ***Bartus v. DHSS***, 176 Wis. 2d 1063, 1071, 501 N.W.2d 419 (1993) (addressing this court's authority to raise questions of law sua sponte).

The concurrence argues that WIS. STAT. § 66.0821(5) does not apply at all—that is, the Church could not bring a claim to the PSC under this section because the City's storm water utility charges are not "rates." The parties made no such arguments, and therefore we express no opinion on this contention. It is sufficient here to reject the circuit court's decision based on this statute because the Church's claim was not brought to the PSC first.

§ 66.0628 as an independent basis for relief. The operative language of § 66.0628 comes from subsec. (2), which states: "Any fee that is imposed by a political subdivision shall bear a reasonable relationship to the service for which the fee is imposed." In relying on this statute, the circuit court placed the burden of proof on the City, a conclusion we believe was in error.

¶15 WISCONSIN STAT. § 66.0628 was originally enacted in 2003 to codify the common law. 2003 Wis. Act 134, Legislative Memo (Mar. 29, 2004). Since its enactment, this provision has been used to challenge fees in our circuit courts. *See Rusk v. City of Milwaukee*, 2007 WI App 7, ¶20, 298 Wis. 2d 407, 727 N.W.2d 358.

¶16 Nothing in the statute as originally enacted or in our cases since addressed the burden of proof for these sorts of claims.[3] However, as a general rule, "a party seeking judicial process to advance his position carries the burden of proof." *Sausen v. Town of Black Creek Bd. of Review*, 2014 WI 9, ¶19, 352 Wis. 2d 576, 843 N.W.2d 39 (citation omitted). Even more to the point, treatises describe a general common law burden of proof applicable to challenges to municipal fees broadly and fees of this type specifically. Namely, "the party challenging a municipal fee bears the burden of demonstrating that the fee is unreasonable." 71 AM. JUR. 2D *State and Local Taxation* § 12 (2012); *see also* 56 AM. JUR. 2D *Municipal Corporations* § 507 (2010) ("Sewer rates fixed by a

---

[3] We are also unaware of cases predating the statute that clearly addressed the proper burden of proof in common law claims. *See, e.g.*, *State v. Jackman*, 60 Wis. 2d 700, 707, 710, 211 N.W.2d 480 (1973); *City of Milwaukee v. Milwaukee & Suburban Transp. Corp.*, 6 Wis. 2d 299, 303, 308, 312, 94 N.W.2d 584 (1959); *see also Sluggy's Lake Front Inn, Inc. v. Town of Delavan*, 125 Wis. 2d 199, 201-02, 372 N.W.2d 174 (Ct. App. 1985); *State ex rel. Attorney Gen. v. Wisconsin Constructors*, 222 Wis. 279, 285, 290, 268 N.W. 238 (1936).

municipality are presumed to be valid. A party challenging a municipality's sewer rates has the burden of proving that the rates are unreasonable or lacking in uniformity with respect to service rendered."); 64 AM. JUR. 2D *Public Utilities* § 89 (2011) ("[O]ne claiming that a rate established by a rate-making body is unreasonable, confiscatory, excessive, or violative of constitutional immunities has the burden of proving it to be such."). We see nothing in prior Wisconsin cases that challenges this default rule.

¶17 The issue became a bit more complicated when the legislature modified WIS. STAT. § 66.0628 in 2013. 2013 Wis. Act 20, §§ 1277ee, 1277eg. First, it created a new subsection defining "reasonable relationship" to mean "the cost charged by a political subdivision for a service provided to a person may not exceed the political subdivision's reasonable direct costs that are associated with any activity undertaken by the political subdivision that is related to the fee." Sec. 66.0628(1)(b). Second, it created subsec. (4), which provides[4] as follows:

> (a) Any person aggrieved by a fee imposed by a political subdivision because the person does not believe that the fee bears a reasonable relationship to the service for which the fee is imposed may appeal the reasonableness of the fee to the tax appeals commission by filing a petition with the commission within 90 days after the fee is due and payable. The commission's decision may be reviewed under [WIS. STAT. §] 73.015. For appeals brought under this subsection, the filing fee required under [WIS. STAT. §] 73.01(5)(a) does not apply.
>
> (b) With regard to an appeal filed with the tax appeals commission under par. (a), the political subdivision shall bear the burden of proof to establish that a reasonable relationship exists between the fee imposed and the services for which the fee is imposed.

---

[4] Minor modifications were made in 2017 that are not relevant here. 2017 Wis. Act 243, § 18. The provision as quoted above is the current version of the statute.

Sec. 66.0628(4).

¶18　We note at the outset that neither party maintains that this new provision requires aggrieved persons to bring their claims to the tax appeals commission first.  Therefore, we leave that question unaddressed and assume the statute still allows for a separate right of action in the circuit court.[5]

¶19　The question, then, is what the proper burden of proof is under the statute and in light of these statutory changes.  It is clear that WIS. STAT. § 66.0628(4)(b) directs the burden of proof to be placed on the political subdivision, but only "[w]ith regard to an appeal filed with the tax appeals commission."  The statute remains silent regarding the burden of proof for proceedings not before the tax appeals commission.

¶20　Again, assuming the statute still provides the right to challenge fees in the circuit court, the best reading of the statutory language is that the burden of proof remains with the party challenging the fee, as the general rule appears to have been.  A well-established canon of statutory construction is that when a statute expresses one thing, the rational implication is that it excludes other things (*expressio unius est exclusio alterius*).  Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 107 (2012).  This rule is context-driven for sure, but it is common sense as well.  When I tell my son the rule is that we don't throw baseballs in the house, by implication this "don't throw baseballs" rule does not apply outside the house.  Thus, the natural reading of a statute

---

[5] The concurrence argues that the case should have gone to the tax appeals commission, not the PSC, and presumably, not the circuit court.  But the parties did not make such an argument.  We therefore deem it appropriate to withhold judgment until this issue can be fully considered.

placing the burden of proof on the City in cases before the tax appeals commission is that this burden of proof does *not* apply to cases that are not before the tax appeals commission. If the same burden of proof applied no matter the forum, there would be no reason for the legislature to explicitly locate application of the burden of proof to cases before the tax appeals commission. To read the statute otherwise would render superfluous the first clause in WIS. STAT. § 66.0628(4)(b), applying that burden of proof to "an appeal filed with the tax appeals commission under par. (a)."[6]

¶21    In view of the default common law rule reflected in the treatises along with the best reading of the statutory text, we conclude that the burden to prove the existence of a reasonable relationship consistent with WIS. STAT. § 66.0628(2) should have been placed on the Church, not the City.

¶22    For relief to be granted on this error, we must also determine that that error affected the substantial rights of the party seeking relief. WIS. STAT. § 805.18(2). It has long been recognized, however, that the erroneous placement of the burden of proof as to a material issue constitutes an error affecting the substantial rights of a party. *See, e.g.*, ***Shaw v. Leatherberry***, 2005 WI 163, ¶44, 286 Wis. 2d 380, 706 N.W.2d 299; ***Bengston v. Estes***, 260 Wis. 595, 600, 51 N.W.2d 539 (1952). Accordingly, we reverse the circuit court's judgment in favor

---

[6] An argument could be made that the amended statute is best read as now requiring all challenges to go to the tax appeals commission. That would also explain the statute's silence regarding the burden of proof in cases that do not go through the tax appeals commission (namely, such cases would not exist). But as we have explained, no such argument was made before us, and we render no opinion on it either way.

of the Church and remand the cause for further proceedings consistent with this opinion.[7]

*By the Court.*—Judgment reversed and cause remanded.

Not recommended for publication in the official reports.

---

[7] Because we conclude that the erroneous placement of the burden of proof necessitates reversal and remand for further proceedings, we do not reach the merits of the City's other challenges on appeal.

No.    2018AP673(C)


¶23    REILLY, P.J. (*concurring*).  I agree that Garfield Baptist Church did not properly appeal this matter.  I differ with my colleagues as to which commission the appeal must be made to.  The majority believes the Church needed to appeal to the Public Service Commission (PSC) under WIS. STAT. § 66.0821(5).  Majority, ¶¶11-12.  I disagree as an appeal to the PSC is expressly for challenging the reasonableness of public "rates."  *See* § 66.0821(5)(a) (providing mechanism for complaints where "rates, rules and practices are unreasonable or unjustly discriminatory).  When a property owner, such as the Church, is "aggrieved by a fee" imposed upon the property, that person is required to bring their appeal to the tax appeals commission.  *See* WIS. STAT. § 66.0628(4)(a) (addressing a "fee that is imposed by a political subdivision").

¶24    The City of Pewaukee imposes storm water "user fees" upon property in the City.  The amount of the fee is based upon the individual characteristics of the property, meaning it is not a "rate" uniformly levied upon a group of users similarly situated.  In contrast, a sewerage system has "rates" that are uniformly applied based upon the number of gallons of water used by the property.[1]  The PSC conducts a uniform review as to whether the rate applied by the political subdivision to the users as a whole (the public) is "unreasonable."  *See* WIS. STAT. § 66.0821(5)(a).  The tax appeals commission, in contrast, is charged by the legislature to review whether a "fee … imposed by a political

---

[1] This is measured by a meter.  A storm water system has no way to "meter" the "use" of the system.

subdivision" upon a specific property bears a "reasonable relationship to the service for which the fee is imposed." WIS. STAT. § 66.0628(2).

¶25 As the Church is appealing a "fee" rather than a "rate," WIS. STAT. § 66.0628 expressly required the Church to bring its appeal to the tax appeals commission (with ultimate review under WIS. STAT. ch. 227 procedures). *See* § 66.0628(4)(a); WIS. STAT. § 73.015(2).

¶26 I further disagree with the majority that the property owner has the burden of proof. In an appeal to the tax appeals commission, the legislature has expressly placed the burden of proof upon the political subdivision: "With regard to an appeal filed with the tax appeals commission under par. (a), the political subdivision shall bear the burden of proof to establish that a reasonable relationship exists between the fee imposed and the services for which the fee is imposed." WIS. STAT. § 66.0628(4)(b). This allocation makes sense as the political subdivision should have the burden to show that the individualized fee imposed upon an individual property owner has a reasonable relationship to the services provided by the political subdivision.